## ANCORA *against* BURNS.

### IN ERROR.

*Philadelphia,*
*Monday,*
July 12.

In an action of replevin, if an issue be joined upon rent in arrear, and there is any thing to shew the amount of rent claimed, this, and not the damages laid by the plaintiff in his declaration, will settle the jurisdiction of the Court But where the jurisdiction depends on the amount in controversy, there is nothing to decide the question in actions sounding *merely in tort,* but the damages laid in the declaration.

THIS was a writ of error to the Common Pleas of *Philadelphia* county. By the record, it was an action of replevin for goods distrained for rent. The attorney of the plaintiff, *Ancora,* indorsed on the writ the sum of 87 dollars and 50 cents, as being the defendant's claim for rent; and the sheriff, by his return, replevied and delivered the goods to the plaintiff. In the narr the damages were laid at 400 dollars; the defendant avowed for rent in arrear; the plaintiff replied no rent in arrear, and the issue being joined, the cause was ready for trial, when the act of the 30th of *March* 1811 was passed, the second section of which directs, that " all suits depending in the Court of Common Pleas of " the city and county of *Philadelphia, where the sum in con-* " *troversy* exceeds one hundred dollars, shall be transferred " to the District Court, there to be heard, tried and deter- " mined; and the original jurisdiction of the Court of Com- " mon Pleas, in all civil actions, where the sum in contro- " versy exceeds one hundred dollars, shall cease and deter- " mine." On the 24th of *June* 1812, the plaintiff entered a suggestion upon the record, that the Court had no jurisdiction. On the 29th of *June,* the issue was tried in the Common Pleas, and the jury found a verdict for the avowant 84 dollars 55 cents damages, and six cents costs.

*Delany* for the plaintiff in error, argued, that the Court below had no jurisdiction, and therefore the judgment was erroneous. The indorsement on the writ was not to be regarded, it was only information to the sheriff, to guide him

in the amount of the replevin bond. There was then nothing but the damages laid in declaration, by which the jurisdiction could be ascertained, and they were too high. The plaintiff might have recovered the whole amount for the wrongful taking of the goods, and therefore not the verdict of the jury, but the claim of the plaintiff, shewed the sum in controversy. The avowry furnished no rule; it was general. A replevin was in fact an action for a tort, in which the plaintiff recovered, not only the property, but damages for the taking; and in actions for torts, the sum laid in the declaration was the sum in controversy. *Hulsecamp* v. *Teel* (*a*), *Wilson* v. *Daniel* (*b*).

*Green* for the defendant in error. In replevin both parties are actors. 6 *Bac. Abr.* 52. *Replevin A.*, 2 *Mod.* 199. It depends then upon the issue who is the claimant, and what is the sum in controversy. If the issue is *non cepit*, the plaintiff's narr may be the guide; if *rent in arrear*, then the avowry is in the nature of a declaration, and that is the guide. 3 *Vin.* 372. *Avowry A.* 2. In our practice, the avowry is entered short; but a sum must be presumed to be inserted, which sum, in this case, the plaintiff has indorsed on the writ. But if no sum is presumed, then the only guide is the verdict of the jury, which is below a hundred dollars. The plaintiff's narr and damages are out of the question, because, before the act passed, he took issue on rent in arrear, and rested satisfied with his goods.

TILGHMAN C. J. The plaintiff in this suit, laid his damages in his declaration at 400 dollars; and hence it is contended, that the *sum in controversy* in this suit, exceeded one hundred dollars, and therefore the cause should have been transferred to the District Court. The plaintiff's counsel has cited cases which prove, that in actions sounding *purely in tort*, such as trespass *vi et armis* &c., there is no standard for estimating the *sum in controversy*, but the amount of damages laid in the declaration. Granting it to be so, the rule is not applicable to the present case, where, in the progress of the cause, and before the act of assembly was made, an issue was joined, reducing the matter in con-

(*a*) 2 *Dall.* 358.          (*b*) 3 *Dall.* 401.

troversy to a certainty. In replevin, the avowant is in nature of a plaintiff; not having claimed the *property*, and resting his cause on the demand for *rent*, the amount of that rent, and not the property of the goods, became the matter in controversy. This amount having been stated by the avowant, and found by the jury to be less than one hundred dollars, I am of opinion, that the jurisdiction of the Court of Common Pleas was not divested, and therefore the judgment should be affirmed.

YEATES J. The sheriff's return and the pleadings in this case furnish certain *indicia*, by which the Court's jurisdiction may be determined.

The plaintiff's attorney, in his *præcipe* for the replevin, marked the claim of the defendant to be for 87 dollars and 50 cents, on account of rent. The sheriff returned, that the had replevied the goods and delivered them to the plaintiff. The plaintiff laid his damage in his declaration at 400 dollars. The defendant avowed the taking for rent in arrear, which, though generally expressed, must be supposed to be for a certain sum, as claimed by him, and the plaintiff replied, there was no rent in arrear. On this point they were at issue, which remained properly to be tried in the Court of Common Pleas, the demand in controversy not exceeding 100 dollars. Both parties are actors in replevin. The plaintiff did not go for the value of his goods, for they had been previously delivered to him by the sheriff. He merely resisted the claim of rent. I think the Court of Common Pleas acted correctly in asserting their jurisdiction, and that the cause ought not to have been transferred to the District Court. The necessary result is, that the judgment of the Court below be affirmed.

BRACKENRIDGE J. concurred with the Chief Justice.

Judgment affirmed.