The judges delivered the following opinions :
Tilghman C. J.
If this court has jurisdiction, the plaintiff is entitled to costs. Whether it has jurisdiction depends on the act of 20th March, 1810. It appears from that act, that the court has “ original jurisdiction within the city and “ county of Philadelphia in all civil actions, wherein the mat- “ ter in controversy shall be of the value of g 500 and up- “ wards.” In actions founded on tort, the matter in controversy is the sum laid in damages in the declaration. That is what the plaintiff claims, and the jury may give damages to that amount. Unless this be the rule for determining the value of the matter in controversy, this court can have no jurisdiction in actions founded on tort. For if the defendant pleads to the jurisdiction, it is impossible for the plaintiff to prove the amount of the controversy any otherwise than by his own demand of damages. The nature of the case *270 admits of no other standard of value; and that this is the true standard was decided in Wilson v. Daniel, in the Supreme Court of the United States, 3 Dall. 401, and has been recognised by this court.
I am, therefore, of opinion, that the defendant’s motion should be rejected, and judgment entered for the plaintiff for 350 dollars and costs.
Yeates J.
I take this case to be clearly within our jurisdiction, and that the plaintiff having recovered 350 dollars damages, in an action of trespass and assault and battery, is of course entitled to costs.
The act of 20th March, 1810, gives this court original jurisdiction within the city and county of Philadelphia, in all civil actions, wherein the matter in controversy shall be of the value of 500 dollars and upwards. What is the meaning of these words is the only question ?
In England the rule is settled, that the cause of action must be taken from the sum laid in the count; because in actions that sound in damages, the plaintiff cannot see what damages may be given. Horton v. Kilmore, Hardw. Cas. 6. The question occurred in the Supreme Court of the United States, in Wilson v. Daniel, 3 Dall. 404. 407, where it was adjudged, that the value of the thing put in demand furnished the jurisdiction. Whenever the law makes a rule, that rule must be pursued; as in debt on a bond, the principal and interest are put in demand, and the plaintiff can recover no more, although he lays his damages ever so high: But in an action of trespass, or assault and battery, where the law prescribes no limitation as to the amount to be recovered, and the plaintiff has a right to estimate his damages at any sum, the damage stated in the declaration is the thing put in demand, and presents the only criterion, to which, from the nature of the action, we can resort in settling the question of jurisdiction.
The plaintiff here has laid his damages at 2000 dollars, which in the' case of a mere tort, where the damages are wholly uncertain must settle the point of jurisdiction. Our act of 20th March, 1810, is wholly silent as to costs in actions originally instituted in this court, although it plainly distinguishes, in section 3, between such actions and suits removed from the Court of Common Pleas as to costs. The costs must follow the verdict.
*271 I am opinion, that the motion of the defendant’s counsel be denied, and that judgment be entered for the plaintiff for damages and costs.
Br.ackenr.idge J.
To admit the nominal sum laid in the declaration, or set forth in a statement, to be the criterion of jurisdiction to a court, would defeat all limitation of jurisdiction. For the sum stated or laid may be ad libitum. This, therefore, can be taken in no case as evidence of the value of a matter in controversy. For even in the case of a sealed instrument with a penalty or without, less may be recovered when reduced by oyer, set-off, or otherwise.
Nor can the court, on the commencement of the action, estimate the value in controversy. In tort certainly they cannot, for that must be ad arbitrium of a jury giving compensatory or exemplary damages. In matters of contract the same where the injury sustained is by nonfeasance or malfeasance, and there is no measure in the first instance of what may be recovered. Of a quantum meruit there can be no reckoning but by estimation. In matters of account the showing in the first instance must be all on one side, and the value, in controversy must be the difference between the account of the plaintiff and that of the defendant. It would involve in endless perplexity to make it necessary to judge, and pass upon the question of jurisdiction at the beginning of the suit. The sum recovered is the natural, the easy, and certain criterion of the jurisdiction of the court. No plea to the jurisdiction could be sustained upon the uncertainty of the matter in com troversy, unless where a party chose to lay a lesser sum in his demand, than that which entitled the court to jurisdiction ; which he would be careful not to do, since that would defeat the action he had_ brought, so far as to throw it out of court.
But if the sum recovered, is. to be the criterion of jurisdiction, the court cannot but take cognisance of the suit, and hold jurisdiction until it is ascertained what sum shall be recovered. This would be holding or exercising jurisdiction by halves, and encountering the labour of investigation by a court and jury, to no manner of purpose, which cannot be supposed to have been intended by any statute limiting the jurisdiction of a court. I hold it therefore, that it cannot be to the si\m in demand, unless, by the plaintiff’s own showing, *272 that the plea to the jurisdiction can be sustained in the first instance. And from the inconvenience it cannot but be, that the court may proceed to give judgment on the sum found by the jury, or recovered, notwithstanding less than that of their limitation. What then shall there be to restrain the party, and to give effect to a statute of limitation as to a sum demanded, or value in controversy? The mulct of not recovering costs, or not more costs than damages, has been the penalty of every law on the subject. Certifying by the court to exempt from the mulct, has been a provision of some statutes.
It might be reasonably argued, that on the sum found by the jury being less than the limitation of the statute, the court would be precluded from going on to render judgment. But that is unknown in principle, and would be inconvenient in practice. I incline, therefore, to be of opinion, that judgment may be rendered and execution issued for the sum found.
But as to costs, even were there no provision in a statute limiting jurisdiction, I am of opinion, that no execution for costs would follow, or ought to be allowed, because it was an object of the statute to save the costs of a higher court to a defendant; but to save the time of the higher court itself from matters of an inferior nature. Costs incrementum had their origin in the discretion of the court; and shall not the court, or rather is not the court bound to refuse costs on an execution to levy them, where by the recovery it has been made to appear, that in defiance of the statute the action has been brought and prosecuted? Were there nothing said in the statute about costs, I hold it to be the natural mulct or penalty of occupying the time of the higher court for an inferior cause of action.
But our acts of assembly have not been usually silent upon this head as to costs. By the first act upon the subject limiting the jurisdiction of the Supreme Court as to a lesser sum, which is the act of the 25th September, 1786, 2 Smith, 392, it is provided that if any plaintiff shall bring or commence any suit or action in the said court, and shall not recover thereupon more than 50/. he shall not be allowed any costs of suit. By an act of the 20th March, 1810, the Supreme Court shall have original jurisdiction within the city and county of Philadelphia in all civil actions, wherein the *273 matter in controversy shall be of the value of 500 dollars, and upwards, and shall have and possess all and singular the powers and authorities of issuing writs and original process in actions, wherein the matter in controversy shall be of the value aforesaid, which they had and possessed before the act to which this is a supplement. To what act is it a supplement? It was to that of the 24th February, 1806. By that act, section 19, all original jurisdiction from the Supreme Court was taken away. By the act of 20th March, 1810, it is restored. In other words, the act of the 25th September, 1786, is revived and extended from 50 to the amount of 500 dollars. But it is revived and extended to the amount of 500 dollars, as it was possessed before in the case of 50 dollars. This was short of allowing costs. I take it therefore to follow, by direct inference and express words, that in the case of a sum short of 500 dollars, the court have no power to alloxv costs.
The case might be illustrated by what the legislature has done, with regard to removals from an inferior to a superior court. By the act of 24th February, 1806, no civil action before judgment shall be removed, unless the plaintiff’s demand, or the value of the controversy between the parties, shall exceed the sum of 1000 dollars, if the action is removed from- the court of Common Pleas in the first district.
By the 20th section the removal is restrained, unless the party or his attorney, in the precipe for the removal of th,e same, will certify, that he verily believes that the action so to be removed, is within the true spirit and meaning of the preceding section of this act. How within the true spirit and meaning ? to wit: that the plaintiff’s demand, or the value of. the controversy between the parties, exceeds the sum of 1000 dollars.
But the act goes on farther, and provides, that the court wherein the said action shall be tried, shall have the power to make the party who removed the same, pay the costs- of suit, if in their opinion, the action shall have been removed without a reasonable foundation of its having been within the true spirit and meaning of the aforesaid section of this act.
These provisions prove, that the legislature had no idea that the sum demanded by a plaintiff made any criterion of the value of a matter in controversy. It proves also, that the not allowing costs or considering them as following the judg *274 ment as an incident to it, was a reasonable mulct for the vexation of the defendant by costs, or of the Superior Court-by accumulating the labours of its jurisdiction.
By the act of the 20th March, 1810, sec. 3d, removals are allowed within the city and county of Philadelphia, from the Court of Common Pleas in said county, where the matter in controversy shall be of the value of 500 dollars and upwards, on the same conditions, and under the same regulations as before could be done, where the matter in controversy exceeded the value of 1000 dollars. But the certificate required from the party, or his attorney, in the precipe for the removal, See. is taken away, and that part of the act repealed. This proves, as in fact was the case, that such certifying had been found a matter of course, and in reality a farce, for the attorney would certify according to the statement of the party, and therefore the same thing as the party certifying, which was an absurdity to take in any degree for granted, what he would certify. This check,
" If check it could be called, which check was none,”
being taken away, what remained but the not allowing costs i Were there even a doubt in the case as to allowing costs, or a transgression of the boundary, I would apply the maxim, boni judicis est ampliare jurisdictionem, and rule so far- as respects matter of costs incident to a judgment, according to the spirit of legislative provisions expressly made, and the analogy of the law in other cases. I would take it to be an unfair treatment of the legislature not to understand them, because they have not expressed themselves totidem verbis, when it can be collected abundantly from what they have said, what the provisions were, which they must have intended should apply, where they have contracted or extended a qualified jurisdiction of the courts. It is too much to expect from them the formality and precision of special pleading, especially when it is of a negative nature, and it is not to recover costs, but not to allow, that they are directed.
But I hold it, and decidedly lay it down, that had they not said a word about costs, the court is not bound either in a question of original jurisdiction, or by removal, to allow costs, where there is a limitation of jurisdiction, sub modo, in the way in which it would seem to have been given.
Motion rejected.