Tilghman C. J.
The case depends on the, acts of 19th April, 1794, and of 1st March, 1745. By the act of 19th April, 1794, the jurisdiction vested in justices of the peace, by “ An act for the more easy and speedy recovery of small “ debts,” passed the 1st March, 1745, is extended to u actions “ of debt and other demands” not exceeding twenty pounds, “ subject to the like relief to insolvent debtors, and every “ other regulation, restriction, and exception, in the same “ contained, as to costs of suit and otherwise, as if the same “‘were herein recapitulated and re-enacted, other than the “ limitation thereof to debts and demands not exceeding five u pounds, and if any person shall bring any suit or action, in “ other manner than is provided by the said act of 1st March, “ 1745, except as to its limitation, and shall not recover more *419 41 than twenty pounds in such suit or action, he shall not have “judgment for any costs therein expended, except as is in “ and by the said act provided.” By the act of 1st March, 1745, 44 all actions for debt or other demand, for the value of “ forty shillings and upwards, and not exceeding five pounds, 44 (except such actions as are herein after excepted) shall be 44 cognisable before any justice of the peace.” By the 13th section of the same act, 44 if any person shall commence or 44 prosecute a suit for any debt or demand, made cognisable 44 as aforesaid, in other manner than is directed by this act, 44 and shall obtain a verdict or judgment therein, for debt or 44 damages, which without costs of suit will not amount to 44 more than five pounds, (not having caused an oath or affirma44 tion to be made, before obtaining the writ of summons or 44 capias, and filing the same in the prothonotary’s office, that 44 he believed the debt, due or damages sustained, exceeded the 44 sum of five pounds,) the person so prosecuting, shall not re-44 cover any costs of suit.” The excepted actions are enumerated in the 14th section, viz. debt for rent, debt upon bond for performance of covenants, actions of covenant, replevin, or upon any real contract, trover and conversion, slander, trespass for assault and battery or imprisonment, and actions wherein the title of lands shall anywise come- in. question. An action for a demand not exceeding 20 pounds, is a large and not a very definite expression. The present action is founded on contract, and although the damages are uncertain, I think it must be included in the description which ascertains the jurisdiction of justices of the peace. It cannot be said, that the word demand, was intended to be restricted to cases in which a certain sum of money, was demanded, because the enumeration of excepted actions in the 14th section, shows, that without such exception, it was supposed, that those actions would have been considered as demands, within the- meaning of the act. And the oath prescribed in the 13th section is, that the debt or damage sustained, exceeds 5 pounds. It has been urged as a hardship to preclude the plaintiff from costs, because not knowing how much he should recover, he could not know whether the case would fall within a justice’s jurisdiction. But he might have secured himself, by making oath, that be believed the , damage he had sustained, exceeded the sum of 20 pounds. Taking for granted then, that ajustice of the peace had juris* *420 diction in this case, the next question is, whether the plain"tiff was entitled to costs? The jury found 40 dollars damages, to which they added the costs of suit. They had a right to give what damages they thought proper, but those damages being fixed, the law must decide as to costs. The act of assembly, with a view to discourage suits in court for small' matters, declared, that no costs should be recovered where the damages do not exceed 20 pounds. It was decided in Lewis v. England, (4 Binn. 5,) that arbitrators cannot give costs where the law denies them. Upon the same principle neither can juries give them. I am therefore of opinion, that the judgment for costs was erroneous.
Yeates J.
Whether the plaintiff below was entitled to his costs, depends on the true construction of the act of 1st March, 1745, usually called the five pound act. The act of 19th April, 1794, enlarges the jurisdiction of justices of the peace to sums not exceeding 20/. in actions of debt, and other demands, subject to the regulations, restrictions, and exceptions, which are contained in the law of 1745. The 14th section of that act contains certain exceptions, wherein the justices are restrained from exercising jurisdiction, having previously declared, in the 1st section, that all actions for debt or other demand, for the value of 40s. and upwards, and not exceeding 5/., shall be cognisable before any justice of the peace.
The declaration in the present instance contains three counts ; two of them are special upon a warranty on the sale of a horse, the other general for money had and received. The verdict finds for the plaintiff below, §40 damages, and all costs, on the plea of non-assumpsit and issue thereon, on the first count.
It has been contended, on the part of the defendant in error, that, although formally the narr. in this case is in assumpsit, yet substantially it is in tort; and that it cannot be supposed the intention of the legislature to be, that such cases should be left to the decision of a single justice, when there is no known standard of damages. They suppose the meaning of other demands in the law of 1745, to be, .causes of action for the non-payment of money on contracts, analogous to debts in common language, and not sounding in damages.
*421 We are bound to effectuate the intention of the legislature, when we can discover it. It appears from Co. Litt. 291, b. that the word demands has a most extensive meaning, and we find that cases wherein damages were to be assessed, entered into the view of the law-makers, when the law in question was enacted. The 13th section provides, that if suits should be commenced for any debt or demands made cognisable by a justice of the peace, in other manner than is directed by this act, and a verdict and judgment be obtained thereon for debt or damages, which shall not, without costs of suit, amount to more than Si. (not having caused an oath or affirmation to be made before the obtaining of the writ and filed in the prothonotary’s office, that the party making such oath or affirmation, did truly believe the debt due, or damage sustained, exceeded the sum of Si.) the plaintiff so prosecuting shall not recover any costs in such suit. It would therefore seem that damages might be assessed by a single justice, unless in the excepted cases, and that a person who really thought himself entitled to recover more than Si. damages in a court of law, might protect himself by such an affidavit, on an unfavourable event. Believing1 this to be the true meaning of the law, as to the jurisdiction of justices of the peace, binding both on courts and juries, I am of opinion, that the plaintiff below was not entitled to recover costs in this action of assumpsit, and that the judgment below, so far as it respects the costs, be reversed.
Brackenridge J. delivered an opinion contra, which the reporter has not been able to obtain.
Judgment reversed as to the costs.