The opinion of the court was delivered by
Duncan, J.
The question raised respects the jurisdiction of the District Court of the city and county of Philadelphia; and where a court so highly respectable, and so deserving of all respect, have asserted and deliberately exercised a jurisdiction, their judgment is to be very fully considered by a court of supervision ; and before they reverse it, they should feel a perfect conviction of the error.
It is not the case of a new .jurisdiction, proceeding in a way unknown to the common law, but a common law tribunal, proceeding according to the common law, with a limited and defined jurisdiction. The act of 30th March, 1811, providing for an additional court within the city and county of Philadelphia, gives this court power to try, hear, and determine all civil pleas, and actions, real, personal and mixed; provided, that the said court shall have no jurisdiction, either originally, or an appeal, except where the sum in controversy' shall exceed 100 dollars.' It is contended, by the plaintiff in error, that on the face of the declaration it appears, that the sum really in controversy was under 100 dollars, and that the plaintiff never couldj in this form of action; recover more than 80 dollars, the price of the horse. The defendant in error contends, that it is an action sounding in damages, partaking more of the nature of tort, than of contract; and that the claim of the plaintiff was 150 dollars, which must, in all cases, be taken to be the sum in controversy; the jurisdiction of a court not depending on the verdict of a jury, but on the claim of the plaintiff.
Keeping our eye on this declaration, however various the counts are, we must see that it is an action of asumpsit on the warranty of a horse sold by the plaintiff below, to the defendant, for 80 dollars. The ancient mode of declaring in cases of warranty, was in .tort, on the warranty broken; but, of late years, it has been found more convenient to declare in assumpsit, for the sake of adding money counts. The *297 propriety of this practice is generally acknowledged; it has prevailed for more than fifty years.
The first count in this declaration states the sale, the price 80 dollars, the warranty, and the unsoundness; and that the plaintiff" was put to great charges and expenses of his monies, in and about the feeding, and taking care of the said horse, the whole amounting to 150 dollars.
The second count sets out the sale, warranty, and unsoundness of another horse, sold for a certain other price or sum of money, then and there agreed upon, the expenditure in keeping, &c. 150 dollars, and there is no material difference between the first and second counts, except that the second does not state any price for which the horse was sold.
The third count contains the usual money counts, for 150 dollars lent and advanced, and for money had and received, and the declaration concludes to the plaintiff’s damage, 200 dollars. There is a general verdict and judgment on all the counts. We must consider this as one cause of action; the verdict being taken generally on all the. counts, and the plaintiff having taken judgment on all. If it appears that the court had no jurisdiction on any one of them, the judgment must be reversed; for it cannot be known, on what count the verdict was taken.
It will be proper to. take into view the several acts of the legislature with relation to the jurisdiction of justices of the peace, the Court of Common Pleas, and the, District Court. They are all in pari materia, and evidence what was the real design and policy of the several enactments. By the act 1st March', 1745, all actions for debts or other demands, not exceeding five pounds, are made cognizable before any justice of the peace; and if any person shall commence or.prosecute a suit for any debt or demand, in other manner than is directed by the act, and shall obtain a verdict or judgment for debt or demand, which without costs of suit, will not amount to more than five pounds, (not having previously filed an affidavit in the prothonotary’s office, that he verily believed the debt due or damages sustained, exceeded the sum of five pounds,) he shall not.recover any costs of suit. They excepted actions of debt for rent, or bond for performance of covenants, covenant, re-plevin, actions on any real contract, trover, slander, assault and battery, or imprisonment, and actions wherein the title to lands should in any wise come in question. The act of 10th April, 1794, enlarges the jurisdiction to twenty pounds; and the act of 20th March, 1810, extends it to all causes of action, arising from contract, either express-or implied, in all cases where the sum demanded is not above 10.0 dollars, except in cases of real contracts, where the title to lands may come in question, or on promises of marriage. The provision in this act is the sáme with respect to costs, where a sum,, not exceeding 100 dollars is recovered, as in former acts.
*298 By the act erecting the District Court, all jurisdiction is taken from the Common Pleas, in civil actions where the sum in controversy exceeds' 100 dollars. It seems an opinion prevails, that the Court of ‘Common Pleas of the city and county of Philadelphia, have no original jurisdiction of debts or demands, not exceeding 100 dollars. I cannot find any thing, in any act of. assembly, touching the jurisdiction of that court, to give countenance to this opinion. Their jurisdiction only ceases, when the sum in controversy exceeds 100 dollars, for that is transferred to the District Court. The original jurisdiction is not taken away by the act extending the jurisdiction of justices of the peace. On the contrary, it is recognized. The suitor prosecutes his claim in that court, at his own risk of recovering ho costs, just as he did before the District Court act. The jurisdiction remains unimpaired, either by the District Court act, or the 100 dollar act. It is not taken away in express terms, nor can they be deprived of it by any implication. Very different is it in the District Court. The act which calls it into existence negatives its jurisdiction, either originally or on appeal, where the sum in controversy shall exceed 100 dollars. The jurisdiction .of the Common .Pleas remains with it, in all cases where it is not transferred to the District Court, and in all cases where it is transferred, it is declared, that it shall thenceforth-cease and .determine. All courts of Common Pleas have original inherent jurisdiction; .but the legislature have thought proper to provide, that if the suitor does not recover 100* dollars, he shall not recover costs. But it is said, there is some incongruity in this; that the plaintiff cannot secure himself in this Court of Common Pleas, as he can in the other courts, from payment of costs, by a previous affidavit. This may be so; but the reason is, that if the plaintiff makes the affidavit that his demand exceeds 100 dollars, he applies to a court, which, by his own affidavit, has no jurisdiction in the subject matter. It is a clear principle in the construction of statutes, that the jurisdiction of a court of record cannot be taken away, but by express negative words. 3 Yeates 479. 2 Burr. 1042. 1 Wm. Bl. 285.
The action in the present case is clearly an action on the contract; and ibis an action on the contract, where there is a measure of damages, namely, the difference between the value of a sound horse, and one with such defects as existed at the time of the warranty. In an action for the priee of articles sold, the defendant may give in evidence by way of defalcation, a warranty of the articles, and a breach thereof. Steigleman v. Jeffries, 1 Serg. & Rawle, 477. It was there observed by the Chief Justice, that the defalcation act did not embraces claim of unliquidated damages for any matter in nature of a tort, because, in such case, there is no standard by which the damages can be estimated. But in the present case, the objection is not so strong. The amount of the damages, to be sure, cannnot be reduced to a certainty; but the price agreed to be paid for the article purchased, is some rule in making *299 the estimate; it is a boundary beyond which the damages cannot reasonably be suffered to pass; and Mr. Justice Ybates observed, thi.s warranty was not a tort, where individuál feelings determine the quantum of damages without any known standard. If the burr mill stones, the article warranted, were of so bad a quality, as to be wholly useless in the hands of the vendee, it would operate against a recovery of any part of the sum agreed on; if they are of so inferior a grade, that the mill stones would not sell for above two thirds, or one half of the sum which good mill stones would command,, at a fair market, the sum recovered would -naturally be in the same proportion: so that there would be some rule of estimating the damages sustained. Ib. On this. principle, which is believed to be correct, what was the sum in controversy here? The difference between the value of a sound and an unsound horse, having regard to the price for which the horse was sold. • The horse was sold for 80 dollars. Suppose him to be an inferior horse, or á worthless horse; still no more could be recovered than the value of a sound horse. That value was fixed on this horse by the agreement of the parties. I do not discover any legal principle that would justify, in addition to this, an allowance for keeping him.
It was at one time doubted, whether, if the horse was not immediately returned, there; could be a recovery: but it was decided there might be a recovery, governed by the consideration of the difference in value between the horse, sound and unsound. Taking as the maximum, the price for which thé horse was sold, if the party goes for more, his action should be in deceit, case, which would include all special damages. It would be unreasonable, that the vendee should keep the horse for months or years, and then, not only resort to the vendor for the price of his horse, but for the .expense of keeping him, and trying experiments on him. In the case of Byrne v. Gordon, 2 Browne, 275, there are many just observations made by the president of the court, and the criterion is a very just one,, that to give the District Court jurisdiction, it must appear that the sum in controversy, exceeds one hundred dollars; though I cannot agree to one conclusion, that is, that the court before which the trial is, will judge from the evidence in the cause, what that sum is. For how would it be on a judgment on a report of arbitrators? There must-be some other criterion: there is another criterion. In Wilson v. Daniel, 3 Dall. 407, the criterion of Chief Justice Ellswouth, appeal’s to me to afford the best rule. The demand of the plaintiff, in these questions of jurisdiction, is not alone to be regarded, but the'value of the thing put in demand; the nature of the case must certainly guide the judgment of the-court. And when the law makes a rule, the rule must be pursued. Thus, in debt on a bond for £100, the principal and, interest are put in demand, and the party can recover no more, though he may lay his damages at £10,000. The form of action, in that case, gives the legal rule. But in an action of trespass, and other torts, where *300 the law prescribes no limitation to the amount to be recovered, the plaintiff has a right to estimate his damages at any sum. The damage stated in the declaration is the thing put in demand. The proposition then is simp])? this, where the law gives no rule, the demand of the plaintiff must furnish one: but where the law gives the rule, the legal cause of action, and not the plaintiffs demand, must be regarded,and of this opinion was Judge Chase. There is something so plain, so just,- and common sense-like, in this proposition, as to recommend it to respect, and command our approbation.
The legal cause of action was contract, and the law prescribed the rule, the estimate of the Value between this horse in a sound and an unsound state; which value could never exceed the price given .for the horse. But there is another criterion, and that is, where justices of the peace have jurisdiction of the sum in controversy. Wherever the plaintiff could not recover-costs if he sued in the Court of Common Pleas, unless he had filed a previous affidavit, before the erection of the District Court, there the District Court have .no jurisdiction. It was (he policy of the legislature of this- state, to confine to the inferior tribunals, -the determination of such matters as these. They thought proper to confide in their jurisdiction, and so far as the Court of Common Pleas are concerned,the inferior jurisdiction is encouraged, by exposing the suitor to a loss of costs, where he has recourse to Common Pleas, and recovers-less than 100 dollars, unless he has filed a previous affidavit. But still the Common Pleas have jurisdiction beyond that sum, and their judgment for the sum found for the plaintiff by the'jury,-though under 100 dollars, would be good; it would be reversed for the costs My private opinion is, that it was not intended by the District Court act,, and that the absolute prohibition of jurisdiction slipt in unwarily, while the intent, most probably- was, to place that court on the same footing as the courts of Common Pleas throughout the state. This is mere conjecture, and cannot prevail agáinst the positive, clear words of the law,-in the District Court act.. The words-are, “ sum in controversy.” In the 100 dollar act, giving justices jurisdiction, it is “ of all causes of action arising from contract, where the sum demanded is not above 100 dollars.” Now “sum. •demanded,” and, “ sum in-.controversy,” have precisely the same-meaning. The demand of a sum, is the sum in controversy. But' this has been already settled, the question afóse in Sneivly v. Weidman, 1 Serg. & Rawle, 417, and it was there determined, that an action of assumpsit on the warranty of a-horse, was within the jurisdiction of a justice’of the peace, under the act of 1st March, •1745, and 19th April, 1794,- and that the plaintiff- having brought his action in the Common Pleas, and recovered less-than £20, he was not entitled'to costs. This goes far to settle the present question. Debt and other demands', is not more comprehensive than the sum in controversy; yet the court held, that as the action was *301 founded on contract, though the damages were uncertain, it was included in the words, debt or demand not exceeding £20.
Sum in controversy, does not signify a precise sum in numero, no more than the word demand does. Demands and surn in controversy, are- the sanie. But this act is more comprehensive than the acts of 1745 and 1794. There are only two exceptions to the jurisdiction of justices, in actions founded on' promise; and these are acts founded on a promise of marriage, and contracts respecting'the realty. It is evident, that a justice of the peace had jurisdiction of this cause of action, and if it had been brought in the-Common Pleas, before the erection of the District Court, the plaintiff could not recover costs, and the -words of the act erecting this Court, are too plain and unambiguous, to leave any-doubt in our minds, that the District Court had no jurisdiction, and that it is quite inconsistent with the policy of the whole legislation on this subject, to enable the plaintiff to expose a defendant to the costs of suit in a superior court, by a bare suggestion, or conclusion to his declaration, that he claimed damages to a sum exceeding 100- dollars) yvhere his cause of action shews he never' can recover that sum.
This criterion will not apply to all cases,- But the safest construction of this provision is, that where the declaration states a cause of action founded on a contract, where the subject matter exceeds 100 dollars, and the District Court gives judgment, there the jurisdiction is to be sustained, though the recovery is for less than 100 dollars. For if the ultimate recovery was to govern, then, though the sum was reduced by defalcation," this hot appearing on the record, th'e plaintiff could not only not recover co'sts, contrary to all justice, but would be thrown out of court, and thus understood, the opinion of Judge HeMphill, in the case in Browne, would be quite correct, that the court would judge of the jurisdiction from the evidence in the cause. But where on the-declaration the whole subject matter of the contract does not exceed 1-00 dollars, as it is set but in the declaration, there the want of jurisdiction appears on the record, and the court are bound to reverse..
In a matter before justices of the peace, the court, in'examining the proceeding, may call in the aid of affidavits to see, whether they h'ave exceeded their jurisdiction. Bringenhofer v. Martin, 3 Yeates, 479. But an award of arbitrators is different from a .trial in court; and where the award is not for more than 100 dollars, in the District Court, in an action founded on contract, it is different from a judgment of a justice of the peace, and there it is difficult to ascertain what was the real sum in controversy, and what reduced by defalcation. The case does not call for any opinion, and it would be improper to anticipate, but there certainly is a distinction. See 7 Cranch, 276.
I had some struggle in my mind, in an endeavour to support this judgment, so far as respected the sum recovered, without costs, by *302 considering, that the District Court stood in the same state as the Court of Common Pleas originally did in this respect. But the prohibition is found to be so strongly expressed, that it would be legislating,, and' not judging, so to decide. ' -
The judgment must, therefore, be reversed.
Judgment reversed.