## COATES v. CORK.

### June 25, 1836.

### *Rule to show cause why judgment should not be set aside.*

This court has not jurisdiction so as to permit the entry of a judgment on a bond and warrant of attorney, where the penalty is over 100 dollars, but the real debt does not exceed that sum.

The entry of such a judgment will be stricken off on motion.

ON the 15th day of August 1831, the defendant gave to the plaintiff a bond for 120 dollars, conditioned for the payment of 60 dollars with interest from that day. A warrant of attorney to confess judgment accompanied the bond. On the same day judgment was entered in this court.

The defendant obtained a rule to show cause why the judgment should not be set aside, upon the ground that the court has not jurisdiction of the case.

*Bradford,* for the rule, cited : 9 *Serg. & Rawle* 294; 13 *Serg. & Rawle* 287 ; 1 *Dall.* 308; and the 26th section of the act relative to the jurisdiction of justices of the peace, passed 20th March 1810.

*Penington, contra.*

The opinion of the Court was delivered by

**PETTIT,** *President.*—The act of assembly of the 30th of March 1811, which first established the district court for the city and

[Coates v. Cork.]

county of Philadelphia, marked out the jurisdiction which belongs to the present court. It expressly provides that the court shall have no jurisdiction except where the *sum in controversy* shall *exceed* 100 *dollars*. In this case, the sum, which by his own showing the plaintiff had a right to demand, was but 60 dollars. The sum in controversy could not exceed that amount. By the plain language of the act, then, the court has no jurisdiction. The result would be the same in every case in which the principal and interest at the date of the judgment do not altogether amount to a sum exceeding 100 dollars. In Kline *v.* Wood, 9 *Serg. & Rawle* 300, the supreme court say, that wherever the plaintiff could not recover costs if he had sued in the court of common pleas, before the erection of the district court, without having filed a previous *affidavit* under the 26th section of the 100 dollar law, there the district court has no jurisdiction. Though, by the operation of the acts relative to the district court, a plaintiff in the common pleas of Philadelphia county cannot secure himself in regard to costs by a previous *affidavit*, yet it is conceded in Kline *v.* Wood, that the jurisdiction of the common pleas as to debts and demands not exceeding 100 dollars is not by any law taken away.

Cooper *v.* Coats, 1 *Dall.* 308, and Stewart *v.* Mitchell's Administrators, 13 *Serg. & Rawle* 287, are authorities to prove, that, prior to the establishment of the district court, a party situated like the present plaintiff, could not have recovered costs, if he had entered up the judgment in the court of common pleas. Taken in connection with Kline *v.* Wood, they show that though the common pleas could have entertained jurisdiction of a suit upon this very bond, yet that the plaintiff would not in that court have been entitled to costs. The test then suggested by the supreme court is directly applicable.

Having had an opportunity of conferring upon this subject with the president of the common pleas, I am happy in being able to state that the opinion now expressed is in accordance with the views of the judges of that court. The practice there, in regard to the exercise of jurisdiction to the extent just mentioned, was adopted soon after the passage of the act of the 20th of March 1810, and has been uniformly maintained to the present time.

Rule absolute.