[PHILADELPHIA, JANUARY 28th, 1837.]

✝ DICK *against* GASKILL.

IN ERROR.

1. Where there is a contract for the performance of certain things, and the party binds himself in a penalty for the performance, the party complaining of the breach of such contract, has his election, either to bring *debt* for the penalty, or *case* for the breach of the contract; and in the latter case may recover even beyond the amount of the penalty in damages.

2. In an action on the case, upon an agreement by which the defendant guaranteed the performance of certain acts, and in which the parties bound themselves to each other in a penalty of $100; the plaintiff set forth in his declaration, the agreement and the penalty, and concluded to his damage $300. The action was submitted to referees, who awarded to the plaintiff $100. *Held*, that the District Court had jurisdiction.

THIS was a writ of error to the District Court for the city and county of Philadelphia, in which court Josiah Gaskill jr. brought an action on the case against William A. Dick, to recover damages, for the non-performance by the defendant of a certain agreement or guarantee.

The writing upon which the action was brought, was made on the 1st day of May, 1834, and the defendant therein stipulated as follows:

" The said William A. Dick, for his part guarantees, that Samuel

(Dick *v.* Gaskill.)

Loyd, for whom he is guardian, will stay with, and work for the said Josiah Gaskill, Jr. until he become twenty-one years of age, if he shall live to that age, which will be on the 19th of May, 1838 : and the aforesaid Josiah Gaskill, Jr. for his part, is to teach the aforesaid Samuel Loyd, the art and trade of a house carpenter ; and provide for his board and washing suitable for an apprentice ; and pay to him or his guardian the sum of $20 per year, from the time he commenced, which was on the 30th day of December, 1833. For the performance of this article, each party binds himself under a penalty of one hundred dollars, by subscribing his name hereunto."

The following declaration was filed.

"Philadelphia county :

William A. Dick, late of said county, yeoman, was attached to answer Josiah Gaskill, Jr., of a plea of trespass upon the case; and thereupon the said plaintiff complains, &c., for that, whereas heretofore, to wit, on the 8th day of May, 1834, at the said county, by a certain agreement, then and there made between the said Josiah and William, in consideration that the said Josiah, at the request of the said William, would teach Samuel Loyd, his ward, the art and trade of a house carpenter, and provide for him board and washing, suitable for an apprentice, and pay to him or his guardian, the sum of $20 per year, from the 30th day of December, 1833, he, the said William A. Dick, guardian of the said Samuel, undertook, and then and there faithfully promised the said Josiah, *that the said Samuel should stay with, and work for the said Josiah, until he, the said Samuel should become of age, which will be on the 19th of May,* 1838; *and for the performance of his said agreement, bound himself in the penalty of* $100 ; and although the said Josiah has in every respect complied with his part of the agreement aforesaid, and was ready and willing to perform his said agreement, yet the said Samuel Loyd hath not staid with and worked for the said Josiah Gaskill, Jr., as aforesaid, but had before the commencement of this suit, wholly left the employment of the said Josiah, and refused to stay with and work for the said Josiah, whereby he hath sustained great loss and damage, to wit, $300, at the county aforesaid, and therefore he brings suit," &c.

The case was submitted to referees under the act of 1705, who reported in favour of the plaintiff, and assessed the damages at one hundred dollars.

The District Court rendered judgment on the report of the referees; upon which the plaintiff took a writ of error ; and assigned the following error :

"Because the District Court for the city and county of Philadelphia, had not jurisdiction of the action, and accordingly erred in rendering judgment on the report of referees."

Mr. *Hazlehurst* for the plaintiff in error.—The act of the 30th of March, 1811, gives jurisdiction to the District Court, only where the sum in controversy exceeds $100. Here the suit was on a contract. The agreement limited the liability of the defendant to the sum of $100. Where the declaration is on the contract, there can be no recovery beyond it. *Kline* v. *Wood*, (9 *Serg. & Rawle*, 294.) It is only in cases of *tort* that the damages laid in the declaration, afford the measure of jurisdiction to the Court. Here the defendant could not be liable for interest. 1 *Evan's Pothier*, 258. The case of *Hoops* v. *Crowley*, (12 *Serg. & Rawle*, 219,) seems to be conclusive against the jurisdiction here.

Mr. *Price*, for the defendant in error.—The record shows that the plaintiff below did not go for the penalty, but for the damages laid in the declaration, viz. $300. The plaintiff had his election to go either for the penalty, or for the actual damages. *Burd* v. *Randall*, (1 *Blackst.* 373.) *Winter* v. *Primmer*, (*Id.* 395.) *Harrison* v. *Wright*, (13 *East*, 343.) 3 *Eng. Com. Law Reps.* 21, *a.* note. *Smith* v. *Dickinson*, (3 *Bos. & Pul.* 630.) *Perit* v. *Wallis*, (2 *Dall.* 252.) *Cooke* v. *Woodrow*, (5 *Cranch*, 13.)

The opinion of the Court was delivered by

SERGEANT, J.—By the act of assembly of the 30th of March, 1811, the District Court of the city and county of Philadelphia, has no jurisdiction, except where the sum in controvery exceeds one hundred dollars. Where it is less than that sum, or only reaches it, the jurisdiction belongs to the Court of Common Pleas, or a justice of the peace. In *Kline* v. *Wood*, (9 *Serg. & Rawle*, 294,) this subject was carefully examined by Mr. Justice DUNCAN; and in delivering the opinion of the court, he lays down the rule to be, that in personal actions, it is not the amount recovered that is to determine, but in order to ascertain the sum in controversy, the declaration must be resorted to; and in actions for damages founded on a *tort*, the sum claimed by the plaintiff in his declaration, is conclusive; but in actions on contract, the cause of action stated by the plaintiff must be regarded; and if on that cause of action, the plaintiff might recover beyond one hundred dollars, the District Court has jurisdiction; if he could not, the jurisdiction is in the Court of Common Pleas, or a justice of the peace. In *Kline* v. *Wood*, the plaintiff declared in *assumpsit*, for damages sustained in the sale of a horse to him by the defendant, which was warranted sound, and turned out to be unsound. He stated the price of the horse to be $80, and his expenditure of a sum beyond that, for the care and keeping of the horse after the purchase, amounting in the whole to $150, and concluded to his damage $200. This court held that the District Court had not jurisdiction, because it was manifest that in this declaration, the

(Dick v. Gaskill.)

plaintiff could legally recover in damages, only the difference between the value of a sound and unsound horse, or at the utmost the price of the horse; and that was under $100.

Testing the present case by these rules, it is clearly distinguishable from *Kline* v. *Wood.* The declaration is in case, and states as the *gravamen* of the complaint, that the defendant agreed that the *ward* should stay with and work for the said plaintiff, until he, the *ward*, should become of age, which would be on the 19th of May, 1838, and for the performance of his said agreement, bound himself in the penalty of $100. It then sets forth the breach, that the *ward* had not staid, but left the plaintiff's employment, &c.; to his damage, $300. The only question that arises on this declaration is, whether the plaintiff is limited to the sum mentioned as the penalty, or might recover damages beyond it; for in the latter case, the sum in controversy did exceed $100, and the court had jurisdiction. And we think the cases cited satisfactorily prove the rule of law to be, that where there is a contract for the performance of certain things, and the party binds himself in a penalty for the performance, the party complaining of the breach of such contract, has his election either to bring *debt* for the penalty, or *case* for the breach of the contract; and in the latter case may recover even beyond the amount of the penalty in damages; and where the word *penalty* is specifically used, it is not in the nature of liquidated damages, but merely as a security. On this declaration, therefore, the plaintiff might legally have recovered more than one hundred dollars; and therefore the jurisdiction of the District Court extended to the case.

It may be proper to add that there are some cases in which the sum in controversy cannot be ascertained by the declaration, such, for instance, as suits before justices of the peace, where the question may be determined on affidavits, (3 *Yeates*,) or ejectments in which the value may appear in the evidence, or perhaps by affidavit. So in replevin, where the issue is as to the amount of rent in arrear, the sum claimed for rent in the avowry was considered as the test. *Ancora* v. *Burns*, (5 *Binn.* 522.)

Judgment affirmed.