## Forrester *against* Alexander.

Where the jurisdiction of a court is limited by the amount in controversy between the parties, and that is indefinite, recourse must be had to the demand as laid in the plaintiff's declaration.

ERROR to the District Court of *Allegheny* county.

William G. Alexander and I. Addison Stockton against Robert H. Forrester and William D. Smith. This was an action of debt upon an insolvent bond in the penalty of $150, reciting the fact that Robert H. Forrester was in custody on an execution in favour of Alexander & Stockton, " for the sum of $76.62, with interest and costs of suit," and with the condition that he should be and appear at the next Court of Common Pleas, &c. The declaration was upon the penalty of the bond, and set out the condition and breach of it; to the damage of the plaintiff, $150. The defendants demurred to the plaintiffs' action, and assigned for cause that the District Court had not jurisdiction of the cause of action. The plaintiffs joined in the demurrer.

The court (Grier, President,) gave judgment for the plaintiffs that the defendants answer over. At a subsequent day a judgment by default was entered for want of a plea, and the sum due was liquidated at $150.

*Forrester, in propriâ personâ.* The jurisdiction of the District Court is limited to cases where the demand exceeds $100. Here, although the penalty of the bond exceeded that amount, yet the plaintiff did not claim, nor would the law allow him to recover a sum exceeding the debt, interest and costs of his original judgment. It cannot be said that the amount of his claim was uncertain, for there can be no uncertainty where the law fixes the measure of damages. 3 *Dall.* 401; 9 *Serg. & Rawle* 294; 9 *Watts* 287; *Ing. Insol.* 33; 1 *Term Rep.* 149.

*Woods, contra.* It is necessary there should be a certain rule by which the jurisdiction of the court in a case like this should be measured; and there can be none better than having recourse to the plaintiff's declaration. How can this court say, from what the record exhibits, that the debt, interest and costs did not exceed $100 ? In fact, the judgment, as liquidated, did exceed it; and if that liquidation was wrong, the party should have applied to the court below to rectify it. 4 *Whart.* 242; 10 *Watts* 299; 1 *Watts & Serg.* 61.

[Forrester v. Alexander.]

PER CURIAM.—The principle adopted in *Ancora* v. *Burns*, (5 *Binn*. 522) ; *Hancock* v. *Barton*, (1 *Serg. & Rawle* 269), and *Byrne* v. *Gordon*, (2 *P. A. B.* 271), is, that where the actual demand is indefinite, recourse is to be had to the demand laid ; for so much must appear to the eye of the court to be in contest.  Here the declaration exhibits a legal demand of $150, as the penalty of a bond, and the sum sued for, which must be taken for the debt in the first instance.  But the condition was set out in the declaration, and the sum to be recovered for the breach of it was the amount of the execution on which the principal obligor was in custody, which was stated in the condition to be $76.62, and the amount of the interest and costs, which nowhere appears.  The only certain guide, then, was the penalty, which happened to be the very amount at which the judgment by default, which followed the judgment of *respondeat ouster*, was liquidated.  The limit of the jurisdiction is $100 ; and the defendants were properly adjudged to answer over.

                                        Judgment affirmed.