LYMAN TARBOX AND JAMES F. BROWN, Plaintiffs in Error, vs. JOHN S. KENNON, Defendant in Error — Writ of Error from Harris County.

When the plaintiff declares for a sum within the jurisdiction of the court, and there is no plea to the jurisdiction, the court may adjudicate the subject matter, and give judgment for a less sum than that which was required to give jurisdiction, unless the plaintiff, in stating his demand, improperly sought to give jurisdiction where it did not rightfully belong. [5 Tex. 130; 6 Tex. 224; 7 Tex. 235; 8 Tex. 113; 11 Tex. 269; 20 Tex. 459; 29 Tex. 355.]

This suit was brought by the defendant in error against the plaintiffs in error as common carriers, to recover damages for the loss of goods, of which they had undertaken the transportation. The goods were alleged to consist in a trunk and its contents, claimed to have been of the value of two hundred dollars. The plaintiff recovered a verdict for fifty dollars. The defendants moved in arrest of judgment, on the ground that

the matter in controversy was under the value of one hundred dollars, and not within the jurisdiction of the district court. The court overruled the motion, and gave judgment, and the defendants sued out this writ of error.

J. W. HENDERSON for plaintiffs in error.

WEBB for defendant in error.

Mr. Justice WHEELER delivered the opinion of the court, after giving a statement of the facts.

The only question presented by the record is that raised by the motion in arrest of judgment, respecting the jurisdiction of the court.

By the constitution, art. 4, sec. 10, it is provided that the district court shall have original jurisdiction in all cases " when the matter in controversy shall be valued at, or amount to, one hundred dollars, exclusive of interest."

In questions of jurisdiction thus defined and limited by positive law, it has often been ruled that the plaintiff's demand, as set forth in his declaration or petition, is to be considered the matter in controversy; and that recourse must be had to the demand, thus set forth, to determine the jurisdiction. In such a case, the verdict, it is held, is not the rule to determine the amount in controversy; but when the plaintiff declares for a sum within the jurisdiction conferred, and there is no plea to the jurisdiction, the court may adjudicate the subject matter, and give judgment for a less sum than that which was required to give jurisdiction, unless it appear that the plaintiff, in stating his demand, improperly sought to give jurisdiction where it did not rightfully belong. And the reason is obvious: a party may fail at the trial to prove, beyond controversy and doubt, the whole of a just demand, and the jury may legally render a verdict for a less amount than the sum actually in controversy, [3 Dana, 501; 4 Watts & Serg. 311; 9 id. 66; 2 Pike, 158, 392; 2 Martin's R. 136.] Regarding these as the settled rules applicable to the case before us, we are of opinion that the judgment be affirmed.