## R. D. JONES v. A. B. JONES.

(No. 2141, R. Book No. 4, p. 15.)

APPEAL from Hill County.   Opinion by WILLSON, J.

§ **200.** *Motion in court of appeals to dismiss because the judgment of the county court appealed from was less than* $100.   This motion involves in part the constitutionality of art. 1832 of Revised Statutes, to the effect that "an appeal or writ of error may be taken to the court of appeals from any final judgment of the county court rendered on appeal or *certiorari* in civil cases taken from the justice's court, where the judgment *or the amount in controversy* exceeds $100." If this act is constitutional, then it is *the amount in controversy*, and not the amount of the judgment rendered, which will determine the jurisdiction of the court of appeals.   That the judgment of the county court would be final, unless it exceeds $100, would appear to be conclusive from the language of sec. 16, art. V, of the constitution, if that section be considered by itself.   But this section is not the only provision of the constitution which must be considered in determining the question.

§ **201.** *Constitutional construction.* In construing the constitution, we must look at it as a whole, considering all its provisions *in pari materia* together. [Cooley's Const. Lim. 70.] By sec. 22, art. V, Constitution, it is provided that "the legislature shall have power, by local or general law, to increase, diminish or change the civil or criminal jurisdiction of county courts, and in cases of any such change of jurisdiction, the legislature shall also conform the jurisdiction of the other courts to such change." This statute [art. 1382, Rev. Stats.] *changes and diminishes* the jurisdiction of the county court, and takes away from it its attribute of finality, in cases where the judgment rendered is for less than $100, and makes the finality depend not upon the judgment rendered in, but the amount in controversy before, that court on the trial *de novo;* and at the same time the statute conforms the jurisdiction of this court to the change, conferring upon it appellate jurisdiction in cases wherein, before its enactment, the jurisdiction of the county court was exclusive and final. *Held, therefore,* that art. 1382, Rev. Stats., is constitutional, and that the test of jurisdiction on appeal in this court is as established by said article, the amount in controversy in the lower courts, and not the judgment rendered in the county court.

§ **202.** *Amount in controversy, what is.* In questions of jurisdiction thus defined and limited by positive law, it has often been ruled that the plaintiff's demand, as set forth in his declaration or petition, determines the jurisdiction. In such a case the verdict, it is held, is not the rule to determine the amount in controversy; but where the plaintiff declares for a sum within the jurisdiction conferred, and there is no plea to the jurisdiction, the court may adjudicate the subject matter and give judgment for a less sum than that which was required to give jurisdiction, unless it appears that the plaintiff, in stating his demand, improperly sought to give jurisdiction where it did not rightfully belong. [Brown v. Ken-

non, 3 Tex. 7; Austin & Clapp v. Jordan, 5 Tex. 130; Graham v. Roder, 5 Tex. 141.]

Where the amount of plaintiff's demand was $175, and the judgment of the county court was for $32, and costs in justice's court, amounting to $30.25, *held,* this court had jurisdiction to entertain the appeal.

May 27, 1882.                    Motion overruled.