THOMAS ROSE ET AL. v. ELIAS RIDDLE.

(No. 5156.)

APPEAL from Cooke County.    Opinion by WILLSON, J.

R. V. BELL and POTTER & HUGHES, counsel for appellants.

No counsel appeared for appellee.

§ **298.** *Jurisdiction of county court as to amount; how determined; case stated.*    Appellee brought this suit to recover of appellants damages for several alleged joint trespasses and torts, committed by them upon his property and person at different times, and also for the wrongful conversion of certain of his property.    The several items of damages alleged amount in the aggregate to more than $1,800; but in the prayer of the petition judgment is asked for $500 only.    Appellants excepted to the petition upon the ground that it showed upon its face that the county court did not have jurisdiction of the amount in controversy.    The exception was overruled, and upon a trial of the cause appellee recovered judgment against appellants for $72 and costs.    *Held:* The allegations of the petition show that the amount in controversy exceeds $1,000, and the subject-matter of the suit was not therefore within the jurisdiction of the county court.    [Const. art. 5, sec. 16; R. S. art. 1162.]    In determining jurisdiction of the amount in controversy in a suit, the plaintiff's demand as set forth in his petition is to be considered the matter in controversy.    [Tarbox & Brown v. Kennon, 3 Tex. 7; Bridge v. Ballew, 11 Tex. 270; Graham v. Roder, 5 Tex. 140; W. & W. Con. Rep. § 273; 2 W. Con. Rep. § 458.]    This *demand* is the amount which the allegations in the petition show that the plaintiff has a good cause of action for, and is not necessarily the amount for which a judgment is prayed.    It is the allegations, and not the prayer of the petition, that must be looked to in determining the question of jurisdiction.    The court erred in not dismissing the suit for want of jurisdiction.    As appellee may hereafter so amend his petition as to bring his cause within the jurisdiction of the court, other questions presented in the record will be determined.

§ **299.** *Tenant cannot sublet rented premises without landlord's consent; person holding premises under illegal subletting is a trespasser.*    Appellant, Thomas Rose, rented certain premises to one John Riddle for the term

of one year. Before the expiration of the year, said John Riddle left said premises, assigning to appellee all his rights under said rental contract. Appellee took possession of and was occupying said premises at the times when it is alleged the several trespasses and torts were committed by appellants. When appellee took possession of said premises he was notified by appellant, Thomas Rose, to get off them, which appellee refused to do. Appellants contend that the tenant, John Riddle, had no right to assign to appellee the unexpired term of said lease of said premises without the consent of appellant, Thomas Rose, the landlord, and that such assignment vested no right in appellee to possess and occupy said premises, and that in so doing he was a trespasser. The trial judge entertained a different view, and held that the assignment of the lease was valid, and vested in appellee the right to occupy said premises. *Held:* The trial judge erred in his view of the law upon this question. It is provided by statute that, "If lands or tenements are rented by the landlord to any person or persons, such person or persons renting said lands or tenements shall not rent or lease said lands or tenements during the term of said lease to any other person without first obtaining the consent of the landlord, his agent or attorney." [R. S. art. 3122.] The assignment in this case, being without the consent of the landlord, was contrary to the above quoted provision of the statute and conferred no right upon appellee to enter upon and occupy said premises. He was a mere trespasser upon said premises. The above quoted statute changes the common law rule upon this subject. [4 Wait's Ac. & Def. p. 246.] It is true that for some purposes a distinction is made between an assignment of a lease and a subletting of the premises [2 W. Con. Rep. § 713]; but that distinction does not obtain in a case like this, where the facts bring it clearly within the inhibition of the statute. The court erred in refusing special instructions requested by appellant as to

appellant's rights, viewing appellee as a trespasser upon the premises.

· § **300.** *Claim of property under the statute operates as a release of claim for damages.* At the time the tenant, John Riddle, left the rented premises he owed appellant Thomas Rose $70 rent for said premises. Rose sued out a distress warrant and had the same levied upon certain cotton found upon said premises. Appellee claimed this cotton under the statute for the trial of the right of property, and it was thereupon released from said distraint and delivered to him. One item of damages alleged in appellee's petition is for the distraint of said cotton. *Held:* Appellee was not entitled to recover this item of damages, and the court erred in not so instructing the jury, appellants having requested such an instruction. A claim made of property under the statute providing for the trial of the right of property operates as a release of all damages by the claimant against the officer who levied upon the property. [R. S. art. 4846.] The release of the officer, he being a joint wrong-doer, must operate as a release also of the other wrong-doers. [Cooley on Torts, 139.] Appellee having voluntarily received the cotton seized, is, in law, deemed to have received satisfaction for the injury done him by such seizure, and is estopped from recovering damages therefor.

§ **301.** *Joint wrong-doers; liability of.* "Most wrongs may be committed by one person or by several. When several participate they may do so in different ways, at different times, and in very unequal proportions. One may plan, another may procure the men to execute, others may be the actual instruments in accomplishing the mischief, but the legal blame will rest upon all as joint actors. In some cases one may also become a joint wrong-doer by consenting to and ratifying what has been done by others." [Cooley on Torts, 127.]

May 14, 1887.     Reversed and remanded.