## Case No. 9,166.

### MARTIN v. TAYLOR.

#### [1 Wash. C. C. 1.] 1

Circuit Court, D. Pennsylvania. April Term, 1803.

COURTS — JURISDICTIONAL AMOUNT—COVENANT—PENALTY—DAMAGES—ACTION OF DEBT.

1. Action of covenant upon an agreement under seal, containing a penalty amounting to less than five hundred dollars. The circuit court has jurisdiction, the action being for damages exceeding five hundred dollars, as laid in the declaration.

[Cited in Ladd v. Tudor, Case No. 7,975. Followed in Victor Sewing Mach. Co. v. Mingus, Id. 16,936. Cited in brief in Healy v. Prevost, Id. 6,297.]

2. If an agreement contain a penalty, the plaintiff may bring debt for the same, and for no more; or covenant, and recover more or less damages than the penalty.

[Cited in Lawrence v. U. S., Case No. 8,145.]

[Cited in Farrar v. Christy, 24 Mo. 474. Cited in brief in Shreve v. Brereton, 51 Pa. St. 182. Cited in New Holland Turnpike Co. v. Lancaster Co., 71 Pa. St. 446. Applied in Townshend v. Simon, 38 N. J. Law, 239. Quoted in Supervisors of Jackson Co. v. Leonard, 16 W. Va. 481. Cited in People v. Central Pac. R. Co., 76 Cal. 38, 18 Pac. 95.]

---

4 [From 27 How. Prac. 161.]

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the supreme court of the United States, under the supervision of Richard Peters, Jr., Esq.]

3. The defendant, against an express acknowledgment under seal, cannot deny the effect of such obligation, from expressions in the instrument, which amount only to an implication to the contrary.

[4. Cited in U. S. v. Craig, Case No. 14,883, to the point that comparison of handwriting is inadmissible as evidence.]

Covenant upon an agreement under seal, whereby the defendant, in consideration of a Virginia treasury land warrant for twenty thousand acres of land, which he acknowledges to have received of the plaintiff, and of a sum of money agreed by plaintiff to be paid on the performance of the work, stipulated by the defendant; agrees to enter the said warrant on vacant and unappropriated land in the state of Virginia, of a particular description, and to have the same surveyed and regularly returned, all at the expense of the defendant; except the surveyor's fees. The defendant, in another clause of the agreement, covenants, immediately on receipt of said warrant, to proceed ·to locate and survey, &c. The parties, for the true and faithful performance of all and singular the covenants, &c. bind themselves each to the other in the penalty of £120, Virginia currency.

Breach assigned in the words of the covenant. Plea, covenants performed. Replication, supporting the breach in the declaration.

Mr. Dallas objected to the reading a deposition which Mr. Ingersoll, for the plaintiff, was about to read, because not signed by the deponent.

Ingersoll: The deposition was only intended to prove the execution of the covenant; and as on this plea it is unnecessary to prove it, I shall not insist upon the deposition.

Dallas moved for a nonsuit, on the ground that the £120 was in lieu of liquidated damages, and that as the plaintiff could recover no greater sum than that, the court had no jurisdiction of the case.

WASHINGTON, Circuit Justice. Where there is a penalty in an agreement under seal, the party injured, may, at common law, sue for the whole penalty, and must be satisfied with it; or he may bring covenant, and recover in damages more or less than the penalty. See 4 Burrows, 2225; 6 Brown, Parl. Cas. 470. If, in the latter case, the sum stipulated to be paid is not a penalty, but intended as a compensation for non-performance, it must govern the jury in the assessment of damages. But that is not the present case; and yet more, it is unimportant on the present motion, which is to nonsuit the plaintiff for want of jurisdiction. The action sounds in damages. The declaration claims more than 500 dollars; and by the decisions in the supreme court, the amount of the plaintiff's claim laid in the declaration, furnishes the rule for testing the jurisdiction of the federal courts. Motion overruled.

Ingersoll endeavoured to prove a receipt of defendant, by comparison of hands.

PER CURIAM. This kind of proof is inadmissible.

Ingersoll, having proved the Virginia treasury price of a land warrant, closed the opening.

Dallas insisted, that the plaintiff had not proved delivery of the land warrant, and therefore was not entitled to recover. That the acknowledgment of having received it, in the first part of the instrument, was contradicted by the latter part, which says, that "on receipt of the warrant, the defendant shall proceed to locate," &c.

PER CURIAM. The defendant cannot, against an express acknowledgment of the receipt, do it away by these expressions, which at most amount only to an implication of the contrary.

THE COURT, after stating to the jury that the only proof exhibited was the articles and the price of a Virginia land warrant at the treasury, left the question of damages upon this proof to the jury.