# New Holland Turnpike Co. *versus* Lancaster County.

1. Viewers reported in favor of a bridge, suggesting that a turnpike company should pay one-third the cost: the company agreed to do so; the report was confirmed and the bridge erected by the county at a cost of $16,500; inspectors reported the bridge well erected, &c., but valued it at $11,000; the Court of Quarter Sessions disapproved the report. *Held*, that the company could not take advantage of that proceeding which was *res inter alios acta*, but was bound for one-third of the bonâ fide cost of the bridge.

2. The company entered into a bond in the penalty of $4000, to pay one-third of all reasonable and proper expenses in building the bridge." *Held*, that the county in covenant could recover one-third of the expenses, although beyond the penalty of the bond.

3. The obligee in such bond may elect to proceed in debt for the penalty, but cannot then go on the covenant; or on the covenant, when he may recover as often as injury arises.

May 8th 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Lancaster county*: No. 49, to May Term 1872.

This was an action of *covenant* commenced, September 29th

[New Holland Turnpike Co. *v.* Lancaster County.]

1869, in which The County of Lancaster was plaintiff and The New Holland Turnpike Company defendants.

The cause of action was the following instrument, dated June 3d 1868 :—

" Whereas, at a stated meeting of the New Holland Turnpike Road Company, held on Friday, February 28th 1868, a resolution was passed agreeing to pay one-third part of all reasonable and proper costs of a bridge across Conestoga creek, on the line of the said turnpike, at a point known as Binkley's Bridge, &c. ; said contemplated new bridge to be erected by authority and under the directions of the commissioners of Lancaster county.

" Know, therefore, all men by these presents that the New Holland .Turnpike Road Company is hereby held and firmly bound unto the commissioners of Lancaster county, &c., in the sum of .$4000.

" The condition of the above obligation is such that if the above bounden New Holland Turnpike Road Company shall well and truly pay or cause to be paid the one-third part of all proper and reasonable expenses incurred in the building or erection of the said bridge by and under the authority and directions of the commissioners aforesaid, within sixty days from and after its completion, &c., the obligation to be void," &c.

The cause was tried, and the jury rendered a verdict of $5500 for the plaintiffs.

After a motion for a new trial, &c., the parties stated a case exhibiting these facts :—

On the 19th of August 1867 a petition was presented to the Court of Quarter Sessions, praying for viewers for a bridge at the point mentioned in the foregoing bond. Viewers were accordingly appointed ; they reported in favor of the bridge, suggesting that the cost should be borne equally by the defendants, the townships of Manheim and East Lampeter, and the county of Lancaster; this report was approved by the grand jury and the court, and subsequently the county commissioners agreed that they would erect the bridge if the defendants would pay one-third of the cost; the defendants thereupon executed the above bond. After the delivery of the bond the commissioners obtained an estimate of the cost of the bridge, advertised the letting, and contracted for its erection for $16,500. On the 18th of January 1869 inspectors were appointed, who, on the 6th of February 1869, reported that the bridge was constructed of good material and in a workmanlike manner, but that in their opinion part of the structure was too light, &c., and " having had the cost and material of erection carefully estimated by one of the inspectors, they value it at $11,000." On the petition of an owner of a mill, &c., about where the bridge crossed the Conestoga, " and a tax-payer of the county of Lancaster," the court, February 8th 1869, granted a rule on the con-

[New Holland Turnpike Co. *v.* Lancaster County.]

tractor and county commissioners "to show cause against the report of the inspectors," which rule on the 14th of August 1869 was made absolute.

It was agreed by the case stated:—

1. If the report of the inspectors, fixing the valuation of the materials used in said bridge, and the cost of erecting the same at $11,000, is binding upon the plaintiffs, and that the said plaintiffs are not entitled to recover from the defendants more than the one-third thereof, then judgment to be entered for plaintiffs against the defendants for $3666.66, with interest *thereon* from March 20th 1869.

2. If the said plaintiffs are not bound by the report of the inspectors, and may recover more than the said sum of $3666.66, but cannot recover beyond the penalty named in said bond, then judgment in favor of the plaintiffs against the defendants for the penalty, viz., $4000, with interest from March 20th 1869.

3. If the plaintiffs are not bound by the report of the inspectors as aforesaid, and not limited by the penalty mentioned in said bond, then judgment in favor of plaintiffs against the defendants for the amount of the verdict, viz., $5500, with interest from 10th day of September, A. D. 1871.

The court entered judgment on the case stated for the plaintiffs for $5500, with interest from September 10th 1871.

The record having been removed to the Supreme Court, the defendants assigned for error the entering of judgment as above.

*A. M. Frantz* and *O. J. Dickey*, for plaintiffs in error, referred to Act of June 13th 1836, §§ 41, 43, Pamph. L. 560, 2 Br. Purd. 1281, pl. 66, 68; O'Loughlin *v.* Jefferson Co., 6 P. F. Smith 62, as to the effect of the report of the inspectors. As to the plaintiff being limited to the penalty of the bond: Addison on Contracts 1156; Wilde *v.* Clarkson, 6 T. R. 304; Lonsdale *v.* Church, 2 Id. 388; Lowe *v.* Peers, 4 Burrows 2225; Hellen *v.* Ardley, 3 Carr. & Payne 12; 2 Starkie N. P. 167; Perit *v.* Wallis, 2 Dall. 252; Hughes *v.* Hughes, 4 P. F. Smith 240; Burr *v.* Todd, 5 Wright 206; Arnold *v.* U. States, 1 Gallison C. C. R. 348; s. c. 9 Cranch 104; Goldhauck *v.* Duane, 2 W. C. C. 323; Lawrence *v.* U. States, 2 McLean 581; Farrar *v.* U. States, 5 Peters R. 373.

*J. Landis* and *G. M. Kline*, for defendants in error.—This is a question of compensation to be measured by the injury, not one of liquidated damages: Shreve *v.* Brereton, 1 P. F. Smith 185; Graham *v.* Bickham, 4 Dall. 149; Robeson *v.* Whitesides, 16 S. & R. 320; Curry *v.* Larer, 7 Barr 470; Burr *v.* Todd, 5 Wright 206; Streeper *v.* Williams, 12 Id. 450; Hughes *v.* Hughes, 4 P. F. Smith 244; Lowe *v.* Peers, 4 Burr. 2228.

In covenants secured by a penalty, if the party does not choose

[New Holland Turnpike Co. v. Lancaster County.]

to go for the penalty, he may proceed upon the covenant, and recover more or less than the penalty : Dick v. Gaskill, 2 Wharton 183 ; Harrison v. Wright, 13 East 343 ; Davies v. Penton, 6 B. & C. 216 ; Martin v. Taylor, 1 Wash. C. C. R. 1 ; Collins v. Collins, 2 Burr. 826 ; Dougherty v. Lewellen, 2 Bibb 364 ; Kennedy v. Kennedy, 3 Id. 464.

The opinion of the court was delivered, May 16th 1872, by

SHARSWOOD, J.—The first question presented by the case stated is whether the report of the inspectors of the bridge fixing the valuation of the materials used in it and the cost of erecting the same at $11,000 is binding upon the plaintiff below. The agreement recited in the bond sued upon is that the New Holland Turnpike Road Company would pay one-third part of all reasonable and proper costs of a bridge across Conestoga creek, &c., and the condition of the bond is to the same effect, to pay or cause to be paid " all proper and reasonable expenses incurred in the building or erection of the said bridge." The appointment and report of the inspectors was under the Act of Assembly for the protection of the county, and so far as that was concerned, at least in this action, was disposed of by the opinion and order of the court disapproving of the report, and making absolute the rule against it. The New Holland Turnpike Road Company were strangers to that proceeding ; as to them it was *res inter alios acta*. Had the county eventually been compelled to pay only $11,000, the company would have been liable for no more than one-third of that amount. Had the inspectors reported for the full amount, the company would not have been bound. It would still have been open to them to take defence on the ground that it was more than the reasonable and proper cost of a bridge, one-third of which was all they agreed to pay. As they would not be estopped in that case, neither can they take advantage of the report, unless in point of fact the effect of it had been to relieve the county from payment.

The second question is a more difficult and important one— whether the plaintiff below can recover an amount beyond the penalty of the bond. It is to be observed that this is not an action of debt to recover the penalty, but of covenant on the agreement of which the bond is evidence. It is not a mere bond in a penalty—on a condition to be void upon the doing or not doing a collateral act, either by the obligor or a third party. Such is the usual case in official bonds with sureties, conditioned for the faithful performance of the duties of some office, or for accounting for money, or an ordinary private bond of indemnity by sureties. In such cases it may be conceded that the penalty of the bond is the limit of liability on the instrument itself: United States v. Arnold, 1 Gall. 358 ; s. c. 9 Cranch 104. The instrument before us commences with a recital, that " at a stated meeting of the

[New Holland Turnpike Co. v. Lancaster County.]

New Holland Turnpike Road Company, held on Friday, February 28th 1865, a resolution was passed agreeing to pay one-third part of all reasonable and proper costs of a bridge across Conestoga creek." The weight of authority is very preponderating that upon such a bond with a penalty, covenant will lie to recover damages, and that whenever such is the case the amount of damages recovered may exceed the penalty. In Lowe v. Peers, 4 Burr. 2228, Lord Mansfield said: "There is a difference between covenants in general and covenants secured by a penalty or forfeiture. In the latter case the obligee has his election. He may either bring an action of debt for the penalty and recover the penalty (after which recovery of the penalty he cannot resort to the covenant, because the penalty is to be a satisfaction of the whole), or if he does not choose to go for the penalty, he may proceed upon the covenant and recover more or less than the penalty *toties quoties*." This is at law, and he adds what it is material to remember, that equity always relieves against a penalty upon compensation. The cases on this subject are cited in a note by the reporter to Cellen v. Ardley, 3 C. & P. 12; see also Winter v. Trimmer, 1 Blackst. 395; Bird v. Randall, Id. 373; Astley v. Weldon, 2 B. & P. 346; Lonsdale v. Church, 2 T. R. 388; Harrison v. Wright, 13 East 343. Our own decisions are in accord with this doctrine. In Perit v. Wallis, 2 Dallas 252, there was a bond in the penalty of £5000, conditioned that the obligor would within six months obtain certain patents from the land-office, a verdict for £5000 debt, and £1922 damages was returned. In Graham v. Bickham, 4 Dallas 149, there was an agreement and a penalty, and the court said: "The substance of the agreement between the parties was to buy and sell stock. The penalty was merely superadded as a security for performance and not as a sum to be paid and received absolutely in lieu of performance. The plaintiff is entitled (notwithstanding the penalty) to recover damages commensurate with the injury suffered by a non-performance." So in Dick v. Gaskill, 2 Whart. 184, it was held that where there is a contract for the performance of certain things and the party binds himself in a penalty for the performance, the party complaining of the breach of such contract has his election either to bring debt for the penalty or case for the breach of the contract, and in the latter case may recover even beyond the amount of the penalty in damages. A sum greater than the penalty was allowed to be recovered in Martin v. Taylor, 1 Wash. C. C. Rep. 1; Shreve v. Brereton, 1 P. F. Smith 175; and Hughes v. Hughes, 4 P. F. Smith 240. It follows that the judgment of the learned court below on the case stated was right.

Judgment affirmed.