Filed May 15, 1888.

———— ◆ ————

No. 13,286.

### MEADOWS ET AL. *v.* THE STATE, EX REL. ALDERSON.

GUARDIAN'S BOND.—*Liability of Sureties.*—Sureties in a guardian's bond are not liable beyond the amount of the penalty fixed therein. Sections 1221, 2459 and 2527, R. S. 1881, can not be so construed as to extend their liability.

From the Monroe Circuit Court.

*W. H. East, E. Corr* and *M. M. Dunlap,* for appellants.
*J. W. Buskirk* and *H. C. Duncan,* for appellee.

NIBLACK, J.—This was an action by the State, upon the
relation of Eliza A. Alderson, on a guardian's bond, in which
James McBride was principal and Pleasant W. Meadows
was surety, and in which the penalty was fixed at one hun-
dred dollars.    The circuit court made a finding in favor of
the State, and assessed the relatrix's damages at the sum of
two hundred and four dollars and fifty-five cents.   Meadows
moved for a new trial upon the ground that the damages as
against him were excessive, but his motion was overruled,
and judgment was rendered against him, as well as Mc-
Bride, for the amount of the damages so assessed in favor
of the relatrix.

The only question made in this court is upon the alleged
excess of the damages as against Meadows, the contention
being that, as he was only a surety in the bond in suit, his
liability was limited to the amount of the penalty named in
that instrument.

In support of the proceedings below, it is claimed that,
under section 1221, R. S. 1881, a guardian's bond ought to
be construed as intending to embrace, and as actually embrac-
ing, all the damages which may accrue by reason of the de-
fault or misconduct of the guardian, and that, under section
2459, as supplemented by section 2527, of the same revision
of the statutes, the measure of damages in an action on the
bond of a guardian is the injury which the ward may have
sustained, with such exemplary damages as the court or jury
trying the cause may be willing to give, and ten per centum
on the whole amount which may be assessed.

As applicable to the principal in a guardian's bond, the
construction contended for is doubtless the true construction ;
but, as against the surety, this rule as to the measure of dam-
ages is subordinate to the further general rule that a surety
in a statutory bond can not be held liable for a sum greater

than the penalty fixed in the bond. A surety in such a case is entitled to stand upon the letter of the bond as to the extent of his liability. This is the doctrine of the text-writers on the subject of suretyship, and of the recent and well considered case of *Graeter* v. *De Wolf*, 112 Ind. 1. See, also, Brandt Suretyship, section 93; Baylies Sureties and Guarantors, p. 171; 2 Sedgwick Damages, 208, and note.

There have been cases in which, owing to some defence of the surety, a sum in addition to the amount of the penalty of the bond, not exceeding the legal rate of interest, was assessed against him; but such cases constitute rare exceptions to the general rule to which we have referred, and have no practical application to the case before us. Brandt Suretyship, *supra,* and authorities cited.

The circuit court, therefore, erred in assessing damages against Meadows in excess of the sum of one hundred dollars, and, in consequence, his motion for a new trial ought to have been sustained.

If the relatrix shall, within sixty days herefrom, enter a remittitur of all the judgment below, as against Meadows, in excess of the sum of one hundred dollars, such remittitur to take effect as of the date of the judgment, then the judgment will stand affirmed; otherwise the judgment will be treated as reversed. In either event, the costs of this appeal will be taxed against the relatrix.

Filed May 15, 1888.