# Foster, Appellant, *v.* Passerieux.

*Bond—Penalty—Principal and surety—Judgment.*

Where a bond given by a married man to his wife, is in a penal sum with a warrant of attorney to confess judgment, and contains a condition that the husband shall pay his wife a certain sum per month, but contains no condition that the surety shall pay such sum per month, and judgment is entered for the penal sum, the surety can only be held on executions, to the payment of such penal sum, and no more.

Argued April 22, 1908. Appeal, No. 193, April T., 1908, by plaintiff, from order of C. P. Washington Co., Nov. T., 1902, No. 158, staying execution in case of Frank Foster (now R. L. McCarrell) in trust for Margaret Passerieux v. John Passerieux and August Valentour. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Demurrer to petition for stay of execution. Before McILVAINE, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order staying execution.

*Boyd Crumrine,* with him *E. E. Crumrine,* for appellant.—In a judgment entered upon a bond with a condition, whether after a trial or on a confession, the obligation to be enforced

is to be found in the condition, which contains the contract between the parties with the terms upon which the obligation may become null and void. The obligation imposed by the condition is not merged in the judgment, although the bond as a cause of action is merged. The obligation in the condition remains; its performance is secured by the judgment, and the judgment is a judicial decision that the plaintiff may enforce the contract for performance contained in the condition by execution process, with the incident of lien until performance. The judgment gives the remedy; the obligation in the condition measures the extent of the liability: Blystone v. Blystone, 51 Pa. 373.

In the case of a condition to perform several things, it has been held that the obligee may recover as often as a breach occurs, even exceeding the penalty. And generally, where it is the clear intention of the parties that the amount of the penalty shall not be the limit of liability: Ellis v. Sanders, 34 So. Car. 236; Lowe v. Peers, 4 Burr. 2225; New Holland Turnpike Co. v. Lancaster County, 71 Pa. 442; Ahl v. Ahl, 60 Md. 207; Silverthorn v. Hollister, 87 Pa. 431; Vogel v. Hughes, 2 Miles, 379; Com. v. De Burt, 7 Pa. Superior Ct. 230.

*Norman E. Clark*, with him *Winfield McIlvaine*, for appellee. —It is well-settled law that in cases like the present one, the party complaining of a breach of condition has his election to bring an action to recover upon the contract or to bring an action upon the bond for the penalty: Turnpike Co. v. Lancaster County, 71 Pa. 442; Hughes v. Hughes, 54 Pa. 240; Silverthorn v. Hollister, 87 Pa. 431.

OPINION BY PORTER, J., October 12, 1908:

This is an appeal by the plaintiff from an order of the court below staying an execution, upon the ground that the full amount of the judgment, upon which it issued, had been collected from the defendant, August Valentour, upon previous executions on the same judgment. John Passericux and August Valentour, on March 3, 1894, executed and delivered to a trustee for Margaret Passerieux, the wife of John, a bond

in the penal sum of $500, with warrant of attorney to confess judgment for said sum with five per cent attorney's fees for collection.   The bond recited an agreement between John Passerieux and Margaret, his wife, "whereby they shall and will live separate and apart from each other, on the payment to said Margaret Passerieux by the said John Passerieux of the sum of thirty dollars on the signing of the within bond and the sum of ten dollars per each calendar month thereafter, beginning April 2, 1894, for the support and maintenance of the said Margaret Passerieux, so long as she shall live;" and the condition of the bond is to the same effect, that John Passerieux shall and do well and truly pay to Margaret Passerieux, her trustee, or anyone appointed by her, "the sum of thirty dollars on the signing of this obligation and the sum of ten dollars on the first day of each and every calendar month thereafter, commencing April 2, 1894, . . . . so long as the said Margaret Passerieux shall live . . . . then this obligation to be void and of none effect, otherwise to be and remain in full force and virtue."   The appellant contends that, judgment having been entered under the warrant of attorney contained in the bond, in the sum of $525, the amount of the penalty and attorney's commissions thereon, this judgment merely stood as security for the collection of the installments as they became due; that when executions were issued on this judgment they were issued not for the collection of the penalty, but for the monthly installments due on the agreement of Passerieux to pay, and that upon this ground he can continue to collect from Valentour, by successive executions, as long as the appellant lives.   The question, therefore, is: Can Valentour be held legally liable on this bond for an amount in excess of the penalty?

"There is a difference between covenants in general and covenants secured by a penalty or forfeiture.   In the latter case the obligee has his election.   He may either bring an action of debt for the penalty and recover the penalty (after which recovery of the penalty he cannot resort to the covenant, because the penalty is to be a satisfaction of the whole), or if he does not choose to go for the penalty, he may proceed upon

the covenant and recover more or less than the penalty toties quoties." This language of Lord MANSFIELD, used in Lowe v. Peers, 4 Burr. 2225, is quoted with approbation in New Holland Turnpike Co. v. Lancaster County, 71 Pa. 442, by Justice SHARSWOOD. The Turnpike Co. v. Lancaster County, was an action of covenant, and the bond set forth in full the covenants of the defendant, and it was held that in an action upon the covenants there might be a recovery in excess of the amount of the penalty named in the bond. Where there is a contract for the performance of certain things and the party binds himself in a penalty for the performance, the party complaining of the breach of such contract has his election either to bring debt for the penalty or case for the breach of contract, and in the latter case may recover even beyond the amount of the penalty in damages: Dick v. Gaskill, 2 Wharton, 184. And so where an individual gives his bond in a penalty, conditioned upon his paying a debt in a smaller amount, at a fixed time, with interest, and judgment is not recovered upon the bond until the amount of the debt and interest exceeds the penalty, there may be a recovery in excess of the penalty: Hughes v. Hughes, 54 Pa. 240. In all of these cases the action was brought for the debt, or directly upon the contract to pay, and not for the recovery of the penalty.

The defendant, Valentour, the appellee, had entered into no contract which required him to make the monthly payments to the wife of Passerieux; the recital of the agreement between the parties in the bond contains no suggestion of any such engagement upon his part, nor was any action or payment by him required to satisfy the condition of the bond. The contract, as recited, and the condition of the bond required that Passerieux alone should pay. All that Valentour undertook to do was to be liable for the penalty, in case Passerieux did not pay according to the condition of the bond. While Passerieux made the monthly payments, there was no breach of the condition. After the breach Valentour could discharge himself only by the payment of the penalty: Silverthorn v. Hollister, 87 Pa. 431.

Judgment in this case was entered under the warrant of at-

torney contained in the bond, that it was entered for the penalty and the attorney's commissions thereon would seem to be too clear to require extended argument. The warrant of attorney did not authorize the entry of a judgment for anything but the penalty and attorney's commissions, and the bond within which the warrant was embodied did not bind Valentour for anything beyond that amount. The entry of the judgment, on October 10, 1902, exhausted the warrant and no second judgment could subsequently lawfully be entered under it. The attempt of the attorney of the plaintiff, on October 11, 1902, to inflate the judgment by filing a præcipe with the prothonotary was a failure. When, in 1902, Valentour attacked the judgment all the parties had a full opportunity to be heard, and the decree of January 25, 1904, was a judicial determination that the judgment was entered for the penalty, and attorney's commissions thereon, amounting to $525. This was a final decree, and if plaintiff was not satisfied an appeal ought to have been taken within the time prescribed by the statute. When executions were from time to time issued on this judgment they were issued to enforce the liability for the penalty. They could not have legally issued, on this judgment, to collect anything but the penalty. Valentour has paid on such executions the amount for which he was liable, with interest and costs, and his liability is discharged. The learned judge of the court below fell into no error when he stayed this writ.

The order of the court below is affirmed, and the appeal dismissed at cost of appellant.