## Stone, Appellant, *v.* Pittsburg, Binghamton & Eastern Railroad Company.

*Railroads—Land damages—Bonds—Principal and surety—Liability of surety.*

1. Where a bond given by a railroad company to secure land damages binds the railroad company and the surety to pay a sum stated, the surety will be liable only for the amount stated, although the condition of the bond is that if the railroad company shall pay such amount of damages as the obligee shall be entitled to receive in consequence of the location of the railroad "whether the same exceed the amount of the penalty in this bond mentioned or not, without fraud or further delay, then this obligation to be null and void."

2. The liability of a surety in a bond given to secure the performance of collateral acts is limited by the penal sum therein expressed. He does not undertake to perform the act to be done by the principal, but pledges himself to compensate the obligee to the extent of the penalty for the failure of the principal to make good his promise. If the surety pays the amount named in the bond, he is discharged.

3. Although a bond filed by a railroad company and a surety company for land damages is to be construed most strongly against the obligors because they fixed its terms, it is still to be construed according to its language in the absence of competent parol evidence qualifying it. Wadhams v. Lackawanna & B. R. R. Co., 42 Pa. 303, distinguished.

Argued Nov. 18, 1913. Appeal, No. 59, Oct. T., 1913, by plaintiff, from judgment of C. P. Bradford Co., Sept. T., 1911, No. 301, for defendant n. o. v. in case of H. C. Stone v. The Pittsburg, Binghamton & Eastern Railroad Company L. T. McGadden et al., Receivers of

The P. B. & E. R. R. Co. and Title Guaranty & Surety Co.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Assumpsit on a bond given for land damages.   Before JOHNSON, P. J., specially presiding.

The bond in suit was as follows:

"Know all men by these presents, That the Pittsburg, Binghamton & Eastern Railroad Company and the Title Guaranty & Surety Company of Scranton, Penna., are held and firmly bound unto H. C. Stone, in the sum of Five hundred dollars ($500), lawful money of the United States, to be paid to the said H. C. Stone, his certain attorney, executors, administrators and assigns, to which payment well and truly to be made, the Pittsburg, Binghamton & Eastern Railroad Company and the Title Guaranty & Surety Company do bind themselves, their successors and assigns, and every of them, firmly by these presents.   Sealed with our seals and dated the 7th day of November, A. D. 1906.

"Whereas, the said Pittsburg, Binghamton & Eastern Railroad Company has located, fixed, marked and determined a route for a railroad in pursuance of its charter duly granted by the Commonwealth of Pennsylvania, and is desirous to enter upon the lands of the said H. C. Stone in the Township of Canton, County of Bradford and State of Pennsylvania, through which said route passes, and to establish and construct a railroad with as many tracks as said Company may deem proper, through, over and upon all that certain lot, strip, piece or parcel of land situated in the Township aforesaid, and bounded and described as follows, viz:

"Being thirty feet in width on each side of the center line as located by a survey made by H. A. Schwanecke, C. E., and extending across the lands of the said H. C. Stone from the dividing line between the lands of the said H. C. Stone and Juliet L. Meeker in an easterly direction to the dividing line between the lands of the

said H. C. Stone and the D. G. Lindley estate, a distance of about 913 feet, and containing 1.4 acres of land, be the same more or less, together with such additional widths for slopes at deep cuttings and embankments, retaining walls, bridges, drains, viaducts, turnouts, sidelings, and other devices as may be necessary, useful and required for the properly constructing, establishing, maintaining and operating the same.

"Now the condition of this obligation is such, That if the said Pittsburg, Binghamton & Eastern Railroad Company shall pay, or cause to be paid unto the said H. C. Stone, such amount of damages as the said H. C. Stone shall be entitled to receive in consequence of the location and construction of said railroad, after the same shall have been agreed upon by the parties or assessed by and under the provisions of the acts of the General Assembly in such case made and provided, whether the same exceed the amount of the penalty in this bond mentioned or not, without fraud or further delay, then this obligation to be null and void; otherwise to be and remain in full force and effect.

"Pittsburgh, Binghamton & Eastern Railroad Company,

"By F. A. SAWYER, President.

"Attest: JOHN G. WHITMER, Secretary.

"The Title Guaranty & Surety Company,

"By W. F. HALLSTEAD, Vice President.

"Attest: J. H. LAW, Assistant Secretary.

"Seal of the Title Guaranty & Surety Company."

At the trial the jury by direction of the court returned a verdict for plaintiff for $1,551.58. Subsequently on motion the court entered judgment for defendant n. o. v., excepting the costs.

*Error assigned* was in entering judgment for defendant n. o. v.

*T. S. Hickok*, with him *Lilley & Wilson*, for appellant. —The surety was liable for the full amount of the

damages: Wadhams v. R. R. Co., 42 Pa. 303; Belloni v. Freeborn, 63 N. Y. 383; Gordon v. Rainey, 19 N. C. 487; Nichols v. Tifft, 56 N. Y. 644.

*Wm. A. Skinner*, with him *E. M. Dunham*, for appellee.—The plaintiff in this case has confused the obligatory and the conditional parts of this bond. The railroad company is bound to perform the "condition" of the bond, not the surety: Gloucester City v. Eschbach, 54 N. J. L. 150 (23 Atl. Repr. 360); Com. v. Forney, 3 W. & S. 353; Foster v. Passerieux, 37 Pa. Superior Ct. 307; Fidelity & Deposit Co. of Md. v. Phillips, 235 Pa. 469; Bensinger v. Wren, 100 Pa. 500; N. Y. Life Ins. Co. v. Seckel, 8 Phila. 92; Penna. Co. v. Swain, 189 Pa. 626; Folz v. Trust & Saving Fund Co., 201 Pa. 583; Balsley v. Hoffman, 13 Pa. 603; Ives v. Merchants Bank of Boston, 53 U. S. 159; Leggett v. Humphreys, 62 U. S. 66.

OPINION BY HENDERSON, J., April 20, 1914:

The plaintiff's action is on a bond given by the Pittsburg, Binghamton and Eastern Railroad Company to the appellant in a proceeding for the condemnation of land to be used by the company in the construction of a railroad. The Title, Guaranty & Surety Company was the surety on the bond, and the question for our determination relates to the extent of the liability of the surety. In the declaration filed the plaintiff charged the defendants with the responsibility apparent on the face of the bond and also with the legal consequences of a representation that the bond was security for the whole amount of damages which might be awarded to the obligee irrespective of the amount of the penal sum in the bond, but the record does not disclose any evidence from which a jury could find that the surety company made any promise or representation other than is expressed in the bond, and the amount of its liability is to be ascertained from that instrument. No

allegation of fraud or misrepresentation was asserted against the surety company and that part of the case set forth in the declaration which was intended to permit the introduction of evidence to show that the agent of the railroad company stated to the plaintiff that the bond would secure him against all the damage sustained by him was not supported by proofs. Moreover, the bond was not accepted by the plaintiff and he was therefore not misled into a waiver of any right which he had to its sufficiency in form. The obligatory part of the bond is in the usual form of such instruments and binds the surety for the payment of $500 on default of the principal to perform the conditions stipulated. The general principle is that the liability of a surety in a bond given to secure the performance of collateral acts is limited by the penal sum therein expressed. He does not undertake to perform the act to be done by the principal but pledges himself to compensate the obligee to the extent of the penalty for the failure of the principal to make good his promise. It follows that by payment of the amount named in the bond the surety may be discharged: Com. v. Forney, 3 W. & S. 353; Bensinger v. Wren, 100 Pa. 500; Foster v. Passerieux, 37 Pa. Superior Ct. 307; Wyman v. Robinson, 73 Me. 384; Sedgwick on Damages, sec. 680; Meadows v. The State, 114 Ind. 537; N. Y. Life Ins. Co. v. Seckel, 3 Phila. 92; Leggitt v. Humphreys, 62 U. S. 66; Ives v. Bank, 53 U. S. 159; Gloucester City v. Eschbach, 54 N. J. L. 150. The conditions of the bond, generally speaking, set forth the undertaking of the principal and the circumstances under which the obligation of the surety to pay arises, but the surety's obligation is to pay to the extent of the sum stipulated if the principal fail to comply with the conditions. The distinction is to be noted between an action on a covenant for which a bond is security and an action for the penal amount of a bond. This distinction is referred to in New Holland Turnpike Co. v. Lancaster County, 71 Pa. 442; Foster v.

Passerieux, 37 Pa. Superior Ct. 307, and other cases. Where the covenant creates an obligation for the payment of an amount thereafter to be determined an action may be maintained on that covenant and the bond introduced as evidence of the covenant. In such case the action is brought directly on the contract to pay and not for the penalty. The bond offered by the plaintiff does not contain a promise of the surety to perform any of the conditions therein set forth. They were to be met by the principal, and the surety covenanted that if failure occurred on the principal's part it would make good the plaintiff's loss to the extent of $500 with costs and interest for the detention. To adopt the construction contended for by the appellant would make necessary the reformation of the instrument which he seeks to enforce. It requires a construction which binds the surety to perform the conditions of the bond; not to pay the penal amount. This would require us to ignore the penal provision and to make the surety a joint obligor with the principal as to the condition. There is nothing on the face of the instrument which will furnish a support for such action, and as we have seen no contemporaneous parol agreement on its part was proved. The appellant relies on that provision of the condition of the bond in which the principal agrees to pay the damages to which the plaintiff shall be entitled "whether the same exceed the amount of the penalty in this bond mentioned or not," but this is not the surety's covenant. It is a recital of the obligation of the principal, a breach of which is to make the promise of the surety for the payment of the penalty effective. It may have been supposed by the railroad company that this would bind the surety, but this was a legal construction of the instrument for which the surety was in no way chargeable. Stress is laid on the fact that the form of the bond was furnished by the surety company, but that does not cast light on the meaning of it. Conceding that it should be construed most strongly against the obligors because

they fixed its terms it is still to be construed according to its language in the absence of competent parol evidence qualifying it.   It is an obligation provided for by statute, was not the result of negotiations between the parties and is therefore not affected by qualifying circumstances.   No exception was filed to the sufficiency of the bond, the plaintiff apparently resting on his own knowledge or the assurance of counsel that it would protect his interest.   His confidence may have arisen out of the fact that the railroad company was not then insolvent and that a claim against it would be collectible. The learned counsel for the appellant earnestly contend that the case is controlled by Wadhams v. Lackawanna & B. R. R. Co., 42 Pa. 303.   That was an action of ejectment brought to recover land appropriated by the railroad company under its right of eminent domain, the plaintiff's contention being that the bond filed by the company did not conform to the requirements of the statute and that title therefore did not vest in the company.   The objection to the bond was that it was not conditioned as required under the act of assembly because it provided only for the damages sustained in consequence of the location of the road whereas it should have covered the damages arising from the construction also and that was the question determined by the Supreme Court, the complaint in that court being that the court below had construed the bond as comprehensive enough to include both of the sources of damage referred to.   With respect to the right of the land owner the court said: "Where the railroad has been located, the land has been taken and appropriated for the public use, the right of the landowner to sue for his damages is complete, and he may recover all which may be caused by the location and by the subsequent construction. . . . The damages cannot be severed, and security for one is therefore security for all."   It was in this connection that the court said: "The court below held with obvious correctness that the bond covered all

the damages which the plaintiff under any circumstances could recover." The context shows that the subject there considered was the character of the damages to which the landowner was entitled and the comprehensiveness of the bond with reference thereto. The case did not involve the relation of the surety to the principal and the extent of the surety's obligation with reference to the penalty of the bond. We do not regard the case therefore as a decision on the question now presented. The great weight of authority, including the cases in this state, is adverse to the appellant's contention and however unfortunate it may be that the insolvency of the railroad company has prevented him from recovering the whole amount of the damage which he sustained the way is not clear to give such construction to the bond in suit as would make the surety company a guarantor of all of the obligation of the railroad company to him. In Twelfth-Street Market Co. v. R. R. Co., 142 Pa. 580, objection was made that the condemnation bonds filed designated a fixed sum as a penalty which bonds had been approved by the court below as sufficient in amount to cover the damages. This was held by the court to have been the universal practice under the Act of April 9, 1856, P. L. 288, and it was further held that the affidavits submitted to the court below show that the bonds were amply sufficient to cover the damages. The remedy of the plaintiff for a bond insufficient in amount to secure his damage was by exception in the court and proof of the probable extent of the injury. As this remedy was not resorted to he is left, so far as the surety is concerned, to the smaller compensation to which the bond entitles him.

The judgment is affirmed.

RICE, P. J., dissents.