MacPHAIL, P. J.,
— In this matter, plaintiff brought an action in assumpsit to collect sums allegedly due her under a written contract, a copy of which is annexed to the complaint.
That contract purports to amend, modify and substantially change the positions of the parties to this action with respect to a 185-acre tract of real estate in Fulton County. It appears from the premises set forth in the agreement annexed to the complaint that, in 1959, plaintiff sold the 185-acre tract to defendant, reserving to herself a life estate. Simultaneously with the deed, plaintiff “leased” the same real estate to defendant for life, reserving to herself the use of the first floor of the mansion house located on the real estate. About one month later, defendant executed and delivered a bond and mortgage to plaintiff in the principal sum of $4,000, presumably in payment of the real estate purchase price, although that is not clear from the contract.
In 1962, the parties entered into the new contract which is attached to the complaint. The new agreement provided that the mortgage and bond previously executed by defendant would be satisfied and the “lease agreement” cancelled. In return, defendant *690 agreed (a) to pay plaintiff $25 per month for plaintiff’s lifetime, (b) to pay the taxes and perform the necessary maintenance on the real estate and (c) to permit plaintiff to live on the second floor of the mansion house, for which he was to furnish heat and hot water. In exchange for these covenants on the part of defendant, defendant was to have the right to use and occupy the real estate for farming purposes and to occupy the mansion house except for that portion reserved for the uSe of plaintiff. Further, the agreement provided that in the event of defendant’s default for a period of 30 days in the performance of any particular required of him by the agreement, plaintiff would have the right to confess a judgment in an amicable action of ejectment for the premises. No other remedy was mentioned in the contract.
In the suit now before us, plaintiff avers that defendant was in default with respect to the performance of his part of the agreement, that judgment was confessed against the defendant in an amicable action of ejectment in 1967, that the plaintiff was now in possession of the real estate and that defendant should now pay to plaintiff the rentals unpaid since the ejectment action, the fair rental value of the farm for the period since the ejectment action, the real estate taxes and maintenance costs since the ejectment action and the reasonable cost of hot water and heat for the portion of the mansion house occupied by plaintiff since the ejectment action. Defendant filed a preliminary objection in the nature of a demurrer. Briefs have been filed and oral argument heard. The question of whether the demurrer should be sustained is the issue which we must now decide.
At the outset, plaintiff contends the preliminary objection should be dismissed, because defendant has pleaded an affirmative defense which should be *691 pleaded in an answer under Pennsylvania Rule of Civil Procedure 1030. Had plaintiff himself not pleaded the ejectment action, we would agree with this contention. However, where plaintiff has set forth all of the facts in the complaint, which may, in effect, deny him any remedy at this time, we have an entirely different situation. The classic test of whether a demurrer should be sustained is thusly stated: If all the averments of plaintiff’s complaint are true, do they constitute a cause of action? In this case, we think they do not.
Neither counsel have been able to point to a case precisely on point. One reason for this is that the agreement is unusual, to say the least. While it might have served to meet the practical problems at the time it was executed, it left much to be desired in a legal sense. From what we are able to ascertain, plaintiff not only wanted to retain her life estate at the time the new contract was executed, but also wanted to provide for herself a reasonable place to live and $25 per month for her subsistence. Defendant agreed to do all of this. The contract is enforceable. However, when defendant breached his agreement, plaintiff pursued the remedy provided in the agreement. She was not bound to do so. She had the absolute right to sue defendant in assumpsit for all the things she now wants to recover. But she cannot do both. This is a classic case of the application of the doctrine of waiver by election of remedies. See Standard Pennsylvania Practice Revised, vol. 1, chapter 3, sec. 68-81, inclusive. While plaintiff had the right to pursue cumulative remedies which were not inconsistent with each other, she does not have the right to pursue remedies which are inconsistent with each other.
Two very old cases are analogous to this one. In the case of In re Polsgrove, 5 Pa. 500 (1847), the court *692 said that the action for use and occupation and an action in ejectment, when applied to the same thing, are inconsistent. The court said such remedies were inconsistent because, in one, plaintiff says defendant is his tenant and, therefore, must pay him rént, while in the other he says defendant is no longer his tenant and must give up possession. In New Holland Turnpike Company v. Lancaster County, 71 Pa. 442 (1872), the court ruled that where there is a contract for the performance of certain things and a party binds himself to a certain penalty for the performance thereof in the agreement, the party claiming the breach has an election either to bring an action in debt for the penalty or an action of case for breach of the contract, in which situation he could recover more than the penalty, but he could not do both.
Plaintiff has argued that the ejectment action and the present action in assumpsit are not inconsistent. It is true that we must be careful not to confuse the possessory rights with contractual obligations to pay money. However, in this case, the confusion, if any, has been created by the parties by virtue of the various agreements mentioned in the premises of the contract now sought to be enforced. Under the new contract, plaintiff’s status as the holder of a life estate apparently did not change. As a life tenant, she would normally be compelled to pay the taxes, perform the maintenance, etc., on the real estate. See Ladner on Conveyancing, sec. 105. She would be entitled to no payments from defendant for the use of the premises, because he would have no right to use it. She could lease the premises to whomever she wished. Since defendant had no possessory right to the real estate by virtue of his deed which reserved a life estate in plaintiff, he agreed to the contractual obligations we have previously enumerated in exchange for the privilege of using the premises. Under such circum *693 stances, we view the present contract as a lessor-lessee relationship and the tenant now having been deprived of the use of the premises by the ejectment action, plaintiff is barred from pursuing an alternative remedy. The contract could have provided for additional remedies and, by agreement of the parties, such remedies could have been made cumulative even though inconsistent. However, such is not the case in the present contract.
While great latitude is given to parties to plead over in cases where a demurrer is sustained, we see nothing to be gained by granting that privilege to plaintiff here. Accordingly, we will enter the following final order:
ORDER OF COURT
And now, January 6, 1971, the preliminary objection in the nature of a demurrer is sustained, the action is dismissed and the costs are to be paid by plaintiff.